[Crim. No. 4012.   Second Dist., Div. One.   July 26, 1946.]

THE PEOPLE, Respondent, v. CARL S. SEELY,
Appellant.

A. Maxson Smith for Appellant.

Robert W. Kenny, Attorney General, and Alberta Gattone,
Deputy Attorney General, for Respondent.

YORK, P. J.—Defendant appeals from an order denying
his motion for a new trial and also from the judgment herein
based upon the jury's verdict finding him guilty of robbery

of the first degree, and of certain prior convictions of a felony; and adjudging him to be an habitual criminal.

It is here urged (1) that the court erred in failing to dismiss the cause under section 1382 of the Penal Code; and (2) that the district attorney was guilty of prejudicial misconduct.

Section 1382 · of the Penal Code provides: "The court, *unless good cause to the contrary is shown,* must order the prosecution to be dismissed in the following cases: . . . 2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial within sixty days after the finding of the indictment, or filing of the information."

The information in the instant prosecution was filed on September 11, 1945, therefore, pursuant to said section 1382, *supra,* appellant would normally be entitled to a trial on or before November 10th, the sixtieth day after filing of the information. The cause was set for trial on October 22d, at which time it was continued to October 31st *at the request of appellant.* On the latter date, appellant was a fugitive from justice, he having escaped from custody on October 23d. As a result, the court continued the trial to November 28th. On that date, appellant was present in court, having been apprehended and retaken into custody on November 20th, whereupon he moved for a dismissal of the action under the provisions of subdivision 2 of section 1382, *supra.* The court denied said motion and reset the cause for trial on December 10, 1945. On the last named date, appellant renewed his motion for a dismissal which was denied, and the cause was "transferred to department 46 for trial."

Appellant concedes that under the holding in *People* v. *Santora,* 51 Cal.App.2d 707, 712 [125 P.2d 606], he could not properly object if his trial had been held on November 28th, since all previous delays or continuances had been had either at his request or caused by his escape. But, he maintains that he should have been tried on November 28th, and in the absence of good cause therefor, it was error to continue his trial to December 10, 1945, in the face of his objection thereto.

As heretofore stated, the 60-day period authorized by the statute elapsed on November 10, 1945, at which time appellant was a fugitive from justice. Under the familiar maxim of jurisprudence that "No man can take advantage of his own wrong," appellant by his wrongful absence from custody lost the right to insist upon a trial within the period

prescribed by section 1382, *supra*. As was so aptly stated in *In re Gere*, 64 Cal.App. 418, 422 [221 P. 689] : ''It is conceded that the constitutional guaranty of a speedy trial and the provisions of section 1382 of the Penal Code adopted in pursuance thereof do not operate in favor of a fugitive from justice. It must also be true that the law on this subject should not be permitted to work to the advantage of one whose arrest has been delayed because of his own wrong.''

Because the question is not here involved, this court does not hold that a fugitive defendant is entitled to a trial within 60 days of his recapture, as appellant was tried 20 days after recapture.

Appellant specifies as error the refusal of the trial court to instruct the jury to ignore certain alleged prejudicial remarks of the district attorney. After the trial had been completed and the jury retired for its deliberations, defense counsel moved ''to have the jury instructed to disregard the district attorney's statement that I for a fee made a mistake in a statement of law, or attempted to mislead the jury. And I cite it as prejudicial misconduct. I also further move that the jury be instructed to disregard the district attorney's statement that if they return a verdict of not guilty by reason of insanity that it would mean that the defendant would walk out of court a free man, as a prejudicial mis-statement of law.'' In reply thereto, the prosecuting attorney stated that the remarks so attributed to him were made by him ''in answer to counsel's statement to the jury that if they find he is not insane he goes to state prison; if they find that he is insane he goes to the institution for the criminally insane. My statement to the jury was that if they find he was insane at the time of the commission of the offenses it constitutes an acquittal of those offenses; and if he is sane at this time, and the court must so find in view of the doctors' statement that he is sane at this time, then there is nothing to hold the defendant. That I say, and I believe that is a correct statement of what the law is. And it was given in answer to counsel's statement to the jury as a faux pas on the part of counsel or a mis-statement he made for hire. . . . I did say that we all can make mistakes, but a mistake for hire is something or other, I don't recall exactly what I said. However, if counsel asks for a personal apology for that, he is entitled to it, and I hereby apologize to him for making that remark. . . . So far as instructions to the jury are concerned, the jury

is now deliberating, and I do not think that the court can now at this late time instruct the jury. The Court: It comes too late. The motion is denied."

■ It is well-established law that misconduct does not merit a reversal "unless it is so flagrantly and obviously prejudicial that neither a retraction nor a rebuke from the court can destroy its influence." (4 Cal.Jur. 10-Yr.Supp. § 328, p. 772, and cases there cited.)

■ An examination of the record herein reveals that the evidence against appellant was almost conclusive; there was no uncertainty in the identification of appellant or of the facts proving the commission of the crimes with which he was charged. There was no evidence to indicate that he was insane at the time he committed the crimes or at the time of trial. It therefore cannot be said that appellant was prejudiced by the remarks of the prosecuting attorney made in response to similar arguments made by defense counsel.

For the reasons stated, the judgment and order appealed from are, and each of them is, affirmed.

Doran, J., and White, J., concurred.