[Crim. No. 2089.   Third Dist.   Aug. 22, 1949.]

THE PEOPLE, Respondent, v. GERALDINE RHOADES, Appellant.

Leslie C. Gillen, W. E. Halley and Archibald M. Mull, Jr., for Appellant.

Fred N. Howser, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

PEEK, J.—Defendant appeals from a judgment convicting her of four counts of the crime of abortion.

By the amended information, she was charged in count one thereof with the commission of an abortion upon one Agnes on July 3, 1947; count two charged the commission of the same crime upon the same person on a subsequent date, to wit: July 9, 1947; count three charged the commission of an abortion upon one Betty on December 20, 1946; count four charged the commission of an abortion upon one Arlees on July 2, 1947, and count five charged the commission of an abortion upon one Elsie during the month of August, 1946. In addition, said information charged the defendant with the commission of a prior felony (murder in the second degree) and the service of a term of imprisonment therefor in the state prison.

The defendant pleaded not guilty to each count of abortion but admitted the prior conviction. After her motion to dismiss the information was denied the trial proceeded before

a jury which returned a verdict of guilty as to counts one, two, three, four, and not guilty as to count five.

Defendant's motion for a new trial was denied as was her application for probation. The judgment which was thereafter entered ordered that the sentence under count two should run concurrently with the sentence under count one; that the sentence under count three should run consecutively with that imposed under count one, and that the sentence under count four should run consecutively with that under count three.

Her appeal, which does not challenge the sufficiency of the evidence to sustain the verdict, sets forth four contentions, to wit: (1) that she was placed in double jeopardy under counts one and two in that she was charged, tried and convicted twice for the same offense, (2) that the trial court committed error in the giving and refusing of instructions, (3) that the trial judge committed prejudicial error in his rulings on the admissibility of evidence and (4) that the district attorney was guilty of prejudicial misconduct.

Defendant's argument in support of her first contention is that the crimes charged in counts one and two were in fact but one crime, in that by the testimony of the prosecution witness it was shown that although she received two treatments such treatments were administered with the intent to abort but a single pregnancy, and that therefore she was placed in double jeopardy by being charged and convicted twice for what was but one offense. Such contention is without merit since section 274 of the Penal Code provides that:

"Every person who provides, supplies, or administers to any woman, or procures any woman to take any medicine, drug, or substance, or uses or employs any instrument or other means whatever, with intent thereby to procure the miscarriage of such woman, unless the same is necessary to preserve her life, is punishable by imprisonment in the state prison not less than two or more than five years."

It is readily apparent that the gist of the crime is not the actual consummation of an abortion as such but rather it is the performing of any of the acts prohibited by said section with the intent to procure a miscarriage which constitutes the crime of abortion. Therefore despite the fact that the same single pregnancy was involved in counts one and two, nevertheless, as the information charged and the evidence conclusively shows, in each instance there was an "intent to procure" a miscarriage by prohibited means which fact is

admitted by counsel for defendant. Consequently the complaint properly charged defendant with the commission of two separate crimes. (See *People* v. *Ramsey,* 83 Cal.App.2d 707, 717 [189 P.2d 802].)

We find no merit in appellant's next contention which is an attack upon certain instructions. It is first contended that the wording of an instruction given by the court concerning corroborating testimony permitted an accomplice to an abortion to corroborate an abortee. In effect such contention is an indirect attack upon the opinion in the case of *People* v. *Clapp,* 24 Cal.2d 835 [151 P.2d 237], and, as the court aptly observed in *People* v. *Malone,* 82 Cal.App.2d 54 [185 P.2d 870], where a similar question was raised, such an argument ". . . is a question for the Supreme Court. . . ." Certainly it is not one for a district court. Additionally it should be noted that one of the instructions so attacked by appellant herein is identical in language with an instruction similarly attacked in *People* v. *Stone,* 89 Cal.App.2d 853 [202 P.2d 333], which this court approved, and in which case the Supreme Court denied a hearing.

Appellant's remaining complaints concerning the instructions are supported by no citations of authority and are wholly without merit. Such complaints relate to the deletion by the trial court of certain words in particular instructions proposed by defendant and the refusal by the court to give other instructions likewise proposed by her.

The rule is too well established to warrant citation that the entire charge to the jury is to be read as a whole in the light of a fair and reasonable construction with each instruction being considered in connection with all of the others and without straining at any particular wording or phraseology.

If, when so read and construed, it reasonably may be said that the alleged error, if it be such, appears to have been cured by the entire charge and that the jury was fully and fairly instructed, it is sufficient to defeat any claim of error predicated upon such a contention.

Appellant further contends that the court erred in admitting the testimony of a policewoman who testified to making arrangements with defendant to abort a purported pregnancy. It is defendant's complaint that at most this evidence showed only a willingness to commit an offense in the future and can be considered no more than evidence of bad character and thus not admissible under the doctrine that evidence of other crimes may be introduced to show motive,

intent, premeditation, malice, or a common plan or scheme, as is contended by respondent. Specifically her testimony closely followed and was similar to that given by each of the abortees in that she testified she called at defendant's home stating she was pregnant; that defendant told her what the cost would be and named a day for her return, and that the defendant further stated she used only medicines and did not use instruments.

Under the provisions of article VI, section 4½ of the Constitution of this state, if, after an examination of the entire record, it cannot be said that the alleged error was not prejudicial and constituted a miscarriage of justice, the judgment may not be reversed on appeal. The record herein discloses abundant uncontradicted evidence in support of the verdict. The defendant did not testify in her own behalf and called but one witness, the proprietor of a surgical supply house, whose entire testimony related solely to syringe introduced into evidence by the prosecution. Hence under such circumstances and in view of such conclusive proof of defendant's guilt, it cannot be said that the admission of the challenged testimony of the policewoman constituted a miscarriage of justice within the meaning of said constitutional provision.

Appellant next contends that the trial court erred in admitting into evidence a syringe which had been identified by one of the prosecuting witnesses as similar to the instrument used upon her person. According to the briefs, but without reference to the transcript, it was stipulated that the syringe had never been in defendant's possession. The basis of appellant's attack appears to be that the trial court erroneously refused her offer of proof to show that the syringe had been obtained by the prosecution from a surgical supply house and presented to the witness for identification as an instrument similar to that used upon her person rather than the selection of an instrument by the witness from similar instruments. The record discloses that after the trial court refused defendant's offer of proof she was subsequently successful in placing such evidence before the jury. Under such circumstances she cannot now be held to have been prejudiced by the trial court's prior refusal to admit such testimony even if such refusal were erroneous, which we do not decide.

In her last contention, which, after reading the transcript reminds us of the story of the pot and the kettle, appellant charges that the district attorney was guilty of gross misconduct throughout the entire trial and particularly in

his closing argument to the jury. No reference is made to the record other than to the said closing argument wherein the district attorney asserted that the defendant committed "countless" abortions; that the defendant failed to sterilize the instruments used in performing the abortions and that counsel for defendant had failed to stipulate to the admission of certain evidence. Appellant asserts and respondent admits that there was no evidentiary basis for the foregoing comments. In such instance the comments of the district attorney were assigned as misconduct and the court admonished the jury to disregard the arguments of counsel. Moreover, the alleged misconduct likewise was assigned in defendant's motion for a new trial which was denied. The rule is well established that the trial court possesses a large discretion in considering such a contention upon a motion for a new trial (*Cope* v. *Davidson*, 30 Cal.2d 193, 202 [180 P.2d 873, 171 A.L.R. 667]), and where the evidence of guilt is substantial an appellate court will not consider the alleged misconduct as prejudicial (*People* v. *Seeley*, 75 Cal.App.2d 525 [171 P.2d 529]).

The judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.