[Crim. No. 2161. Third Dist. Apr. 12, 1950.]

THE PEOPLE, Respondent, v. ROBERT H. SHARPE et al., Appellants.

Chris D. Johnson and Walter C. Frame for Appellants.

Fred N. Howser, Attorney General, Doris H. Maier and C. J. Scott, Deputy Attorneys General, for Respondent.

PEEK, J.—Defendant R. H. Sharpe appeals from a judgment convicting him of the crimes of perjury, conspiracy to commit perjury and subornation of perjury. Defendant Charles Barrett appeals from a judgment convicting him of the crime of subornation of perjury and conspiracy to commit perjury, and they both appeal from the order denying their motion for a new trial. Said defendants were charged with said crimes in an indictment returned by the grand jury of Tehama County February 3, 1949. The indictment was based upon testimony given by defendant Sharpe and one William Gould before the grand jury of said county on or about February 6, 1946, which testimony tended to show that W. J. Harrington, Probation Officer of Tehama County, solicited and accepted bribes from appellant Sharpe. Specifically, count one of the indictment charged Sharpe, Gould and Barrett with conspiracy to commit perjury; count two charged Sharpe and Barrett with subornation of perjury in that they procured Gould to give false testimony, and count three charged Sharpe and Gould with perjury. Subsequently the indictment was dismissed as to Gould, who became a witness for the People, but Sharpe and Barrett were jointly tried before a jury which returned verdicts of guilty as to all counts. Judgment was entered sentencing them for the terms prescribed by law, the terms under each count to run consecutively.

It is now urged that the judgment should be reversed for two reasons, (1) the alleged prejudicial misconduct of the special prosecutor, and (2) the alleged error of the trial court in sentencing them to consecutive rather than concurrent

terms for the crimes of conspiracy to commit perjury and subornation of perjury.

In support of the first contention it is argued that although the judgment is supported by substantial evidence nevertheless defendants were denied a fair and impartial trial because of the misconduct of the special prosecutor, first, in his voir dire examination of a prospective juror, second, in his cross-examination of defendant Sharpe, and third, in his closing argument to the jury.

Even if it be conceded that the attacked acts and statements by the special prosecutor constituted misconduct (see *People* v. *Brancato,* 83 Cal.App.2d 734 [189 P.2d 504]; *People* v. *Horowitz,* 70 Cal.App.2d 675 [161 P.2d 833], and *People* v. *Macias,* 77 Cal.App.2d 71 [174 P.2d 895]), it cannot be held to have been prejudicial in view of the abundant evidence of appellants' guilt. (*People* v. *Seely,* 75 Cal.App.2d 525 [171 P.2d 529].) The instant case does not come within the rationale of *People* v. *Hooper,* 92 Cal.App.2d 524 [207 P.2d 117] as defendants contend. While we cannot commend the acts and conduct of said prosecutor as shown by the record, nevertheless such evidence does not reveal the aggravated misconduct presented in the Cooper case.

There is no merit to appellants' contention that the trial court erred in sentencing them to consecutive, rather than concurrent, terms for the crimes of conspiracy to commit perjury and subornation of perjury. It is true as defendants state that the crime of conspiracy requires an agreement to do an unlawful act and an overt act in furtherance of the agreement while the crime of subornation of perjury requires an agreement to commit perjury followed by the actual commission of perjury. However, it does not follow, as they contend, that there is such a fine distinction between the two crimes as would prevent the imposition of consecutive sentences. Nor does it follow that either crime is necessarily included within the other for the reason that much of the evidence used to prove the conspiracy to commit perjury also was used to prove the subornation of perjury. The record reveals evidence of several overt acts in furtherance of the conspiracy to commit perjury by Sharpe and Barrett other than the actual commission of perjury by Gould, which was necessary to prove the crime of subornation of perjury (*People* v. *Ross,* 103 Cal. 425 [37 P. 379].) The opinion of this court in *People* v. *Benenato,* 77 Cal.App.2d 350 [175 P.2d 296] would appear

to be dispositive of the contention so raised. At page 367 thereof we stated that "If one offense requires proof of an element different from the other, they may not be deemed to constitute the same offense so as to preclude punishment for each. This is true although both offenses are founded chiefly on the same facts."

For the foregoing reasons the judgment and order denying the motion for new trial are affirmed.

Adams, P. J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied May 11, 1950. Carter, J., and Schauer, J., voted for a hearing.