[Crim. No. 1741. Second Appellate District, Division One.—January 8, 1929.]

THE PEOPLE, Respondent, v. THOMAS PEREA, Appellant.

H. E. Thompson for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

CRAIL, J., *pro tem.*—The contention of appellant is that he was not accorded a speedy trial to which he was entitled under article I, section 13, of the constitution, nor a trial within the time provided in sections 681a, 1050, and 1382 of the Penal Code.

Section 681a is general in its terms and directory merely. It requires that all proceedings in criminal cases shall be had and determined at the earliest possible time. Section 1050 reads as follows: "The court shall set all criminal cases for trial for a date not later than thirty days after the date of entry of the plea of the defendant. No continuance of the trial shall be granted except upon affirmative proof in open court, upon reasonable notice, that

the ends of justice require a continuance. No continuance shall be granted for any longer time than it is affirmatively proved the ends of justice require. Whenever any continuance is granted, the court shall enter in its minutes the facts proved which require the continuance. Criminal cases shall be given precedence over civil matters and proceedings. If any court is unable to hear all criminal cases pending before it within thirty days after the respective defendants have entered their pleas, it must immediately notify the chairman of the judicial council.''

Section 1382 reads as follows: "The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed in the following cases:

"1. When a person has been held to answer for a public offense, if an indictment is not found or an information filed against him, within thirty days thereafter.

"2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial within sixty days after the finding of the indictment, or filing of the information.''

██ If section 1050 is mandatory the defendant is entitled to a reversal and a dismissal of the case. If it is directory merely, then the failure to comply with its terms does not entitle him to such relief. We are of the opinion that the section is directory merely. The reasoning in *Gillis* v. *Superior Court*, 89 Cal. App. 687 [265 Pac. 360], is applicable and convincing in this regard.

██ Section 1382 is mandatory and defendant would be entitled to a reversal thereunder for failure to bring him to trial within sixty days after the filing of the information, except that the trial was postponed upon his own application within that period. Therefore he is entitled to no relief under that section.

The defendant is not entitled to relief under article I, section 13, of the constitution, under the authority of *In re Matter of Tirey L. Ford on Habeas Corpus*, 160 Cal. 334 [Ann. Cas. 1912D, 1267, 35 L. R. A. (N. S.) 882, 116 Pac. 757].

██ Finally, the appellant contends that the trial court erred in refusing to give an instruction which is set out on page 28 of the clerk's transcript. He makes no mention of this point, however, in his argument. The proposed instruc-

tion calls attention specifically to a particular witness, calling him by name, and directs the jury that under certain circumstances it should receive his testimony with great caution. There is no claim that the trial court did not properly instruct the jury in its general instructions on the credibility of witnesses; and the defendant was not entitled to have an instruction as to the credibility of a particular witness. (*Jones* v. *Southern Pacific Co.*, 74 Cal. App. 10 [239 Pac. 429]; *Thomas* v. *Gates*, 126 Cal. 1 [58 Pac. 315].) No merit in the appeal.

Judgment affirmed.

Houser, Acting P. J., and York, J., concurred.