[Crim. No. 2984. First Dist., Div. One. June 9, 1954.]

THE PEOPLE, Respondent, v. JAMES ECHOLS et al., Appellants.

Kenneth C. Zwerin for Appellants.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Respondent.

BRAY, J.—Both defendants were convicted by a jury of four counts of violating section 11500, Health and Safety Code (one count for possession and one count for transportation, of heroin; one count for possession and one count for transportation, of codeine). Defendant Echols was also convicted of violation of section 506a, Vehicle Code (driving when addicted to narcotics). Defendant Echols had admitted a prior conviction in Texas of violation of the Internal Revenue Act, a felony. Both defendants appeal from all convictions against them respectively.

Many questions are raised upon this appeal. One of them, the denial to defendants of a speedy trial, is decisive. Therefore it is unnecessary to discuss the other questions or the evidence.

## RECORD

April 16, 1953, the informations were filed. They and the cause were assigned to Department 6 for trial. April 21st defendants were arraigned. The Vehicle Code information was amended. With consent of counsel the cause was continued to April 28th to plead. Not guilty pleas were entered and the cause continued to May 25th for trial. May 18th defendants were permitted to withdraw their pleas to make certain motions, after which defendants again pleaded not guilty and the case was continued to May 25th for trial, the court stating that was a "tentative date." May 25th defendants answered ready. The district attorney suggested June 10th for trial. Defendants called attention to the fact that defendants were in custody and had been so since the date of their arrest. Defendants stated: ". . . I am trying to arrange my calendar, and tentative dates don't help out

very much for trial." The court said that it was difficult to give a date certain, but continued the case to June 10th for trial. On that day defendants pointed out that the informations were filed April 16th, that this was the second or third calling of the trial date and that each time defendants had advised the court that they were ready for trial. The court then said that that was right but the case was not as old as three preceding cases just called. The court said: "It is just too bad that we don't have more trial judges down here." Defendants pointed out that criminal cases have precedence over civil cases, that civil jury cases were being sent out, and that criminal cases should be sent instead. Defendants then asked that this case be "sent out" for trial. (Presumably that meant to another department.) The court said, "No, the statutory time hasn't run." A discussion was had as to whether that time was 30 or 60 days. (If 60 days it would run in eight more days.) The district attorney pointed out that this particular department had heard cases on 94 out of the past 100 trial days. The court then stated that the case on trial might consume a month and suggested the instant case be put down for July 8th (practically a month away). Defendants then asked if that would be a definite date. The court stated it would have to be tentative, but it would make it as definite as possible. It was then continued to July 8th. On that day defendants again answered ready for trial. The district attorney asked that it be continued to July 29th. Defendants again pointed out the number of times they had answered ready for trial. The court stated: "It is a No. 2 case now." Defendants stated they had been in jail since March 15th. The court suggested July 16th. Defendants asked if that was a definite date and the court stated it was not as it did not know how long the case then on trial would run. Defendants then asked that the case be transferred to the department of the presiding judge "and farmed out, as it were, to one of the civil departments. There are plenty of civil cases going out." Defendants pointed out that criminal cases were entitled to priority, and that they understood that there was no trial going on that day in Department 12 (another criminal department). The court inquired if there was a jury there. Apparently there was not, for the court asked if defendants would waive a jury if the case went in there. The court then set the case for trial for July 16th and denied the application to transfer. July 16th defendants reminded the court that

they had answered ready four or five times, the last time being July 8th, that the case was continued to today and they were under the impression that they were going to trial, that defendants were still in custody and were again ready for trial. The court then continued the case to July 29th. Defendants then asked that the record show there were other departments "in the City Hall available." The court said: "You don't have to do that. You have done that before. Mr. ZWERIN [defendants' counsel]: I would like the record to so show. THE COURT: The record will show that they are not ready to take any case from this Department today. Let's not be facetious. Mr. ZWERIN: I am not facetious, your Honor; I have a duty to protect my clients." July 29th defendants again called attention to the number of occasions upon which defendants were ready for trial, that they were still in custody and were ready for trial. The district attorney stated that there was a jury trial in progress. Defendants stated that there were 22 departments of the superior court. The court stated that the record would show that those departments were not fully manned or occupied. Defendants then moved for a dismissal of the informations upon the ground that defendants were not brought to trial within 60 days of the filing of the informations. The court then suggested that the motion be submitted and said it would ask the district attorney to file affidavits. The district attorney asked, "Why an affidavit . . .?" The court: "I think it would be proper to show why." The district attorney then stated there were no facts set forth by defendants to which any factual reply was necessary. "I think the record will show whatever the situation has been during those previous appearances." The court stated that defendants should file an affidavit setting forth the reason why they felt their motion should be granted before any answer need be made by the district attorney. Defendants then submitted their motion. The court did not formally act upon the motion but continued the case to August 5th. On that day the district attorney again amended the Vehicle Code information and the trial proceeded.

■■ It is obvious from the foregoing and from the record that both the court and the district attorney were under the erroneous impression that (1) once a criminal case is assigned to a trial department of the superior court, it may remain in that department if other cases filed ahead of

it are being tried, even though a defendant's right to a speedy jury trial be violated; (2) in continuing cases beyond the statutory period without defendants' consent no showing as to the situation in other departments of the same court, civil or criminal need be made; and (3) the burden of proving such situations is on the defendants, and not on the court or the prosecution.

## RIGHT TO SPEEDY TRIAL

The People by both the United States and the California Constitutions, the Legislature by certain statutes, and the courts by certain decisions, have emphasized the right of every person charged with a crime to a speedy trial. The Legislature and the courts have defined what is meant by "speedy trial." The procedure followed in this case is completely at variance with the spirit and law of the right to a speedy trial. The Sixth Amendment to the United States Constitution provides "the accused shall enjoy the right to a speedy and public trial . . ." Article I, section 13, California Constitution, provides "the party accused shall have the right to a speedy and public trial . . ." "This provision of the Constitution is self-executing." (*Harris* v. *Municipal Court,* 209 Cal. 55, 60 [285 P. 699].)

Section 1050, Penal Code, defines in no uncertain terms what is meant by the term "speedy trial." It first states: "The court shall set all criminal cases for trial for a date not later than thirty days after the date of entry of the plea . . ." Then (2): "No continuance of the trial shall be granted except upon affirmative proof in open court, upon reasonable notice that the ends of justice require a continuance." (3): "No continuance shall be granted for any longer time than it is affirmatively proved the ends of justice require." (4): If a continuance is granted "the court shall enter in its minutes the facts proved which require the continuance." (5): "*Criminal cases shall be given precedence over all civil matters and proceedings.*" (6): "If any court is unable to hear all criminal cases pending before it within thirty days" after plea "it must immediately notify the chairman of the judicial council."* (Emphasis added.)

---

*This section has been held merely directory, principally because it contains no provision for dismissal of the case if not complied with. (See *People* v. *Perea,* 96 Cal.App. 183 [273 P. 836]; *Ray* v. *Superior Court,* 208 Cal. 357 [281 P. 391]; and *People* v. *Marshall,* 209 Cal. 540 [289 P. 629].) However, as we said in *Zamloch* v. *Municipal Court,* 106 Cal.App.2d 260 [235 P.2d 25], the section "declares a policy that should not lightly be disregarded." (P. 263.)

Section 681a, Penal Code, provides: "The welfare of the people of the state of California requires that all proceedings in criminal cases shall be heard and determined at the earliest possible time. It shall be the duty of all courts and judicial officers and of all district attorneys to expedite the hearing and determination of all such cases and proceedings to the greatest degree that is consistent with the ends of justice."

Section 1382 provides: "The court, *unless good cause to the contrary is shown, must order the prosecution to be dismissed . . .* 2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial within sixty days after the . . . filing of the information." (Emphasis added.) This section is mandatory. (*People* v. *Perea, supra,* 96 Cal.App. 183, 185; *People* v. *Morino,* 85 Cal. 515, 517 [24 P. 892]; *Matter of Ford,* 160 Cal. 334 [116 P. 757, Ann.Cas. 1912D 1267, 35 L.R.A.N.S. 882].)

 Having in mind the policy of the law as above set forth, let us see what was done in this case to protect this "fundamental right granted to the accused . . ." (*Harris* v. *Municipal Court, supra,* 209 Cal. 55, 60.) Although answering ready for trial time after time defendants were kept waiting until approximately 50 days after the 60 days which the Legislature has fixed as the limit of the time which can be considered "speedy," unless good cause is shown. (See *Harris* v. *Municipal Court, supra,* 209 Cal. 55, 61.) No attempt was made to show good cause other than that the particular department was busy during that time. The San Francisco Superior Court had 22 regular departments and one extra sessions department. No showing was made at any time why this case could not have been tried in one of the other criminal departments. Assuming, without a showing to that effect, that they were all busy, no reason was given why the case could not have been assigned to one of the many civil departments. "Criminal cases shall be given precedence over civil matters and proceedings." (Pen. Code, § 1050.) "The welfare of the people . . . requires that all . . . criminal cases shall be heard and determined at the earliest possible time. It shall be the duty of all courts and judicial officers and of all district attorneys to expedite the hearing and determination of" criminal cases "to the greatest degree that is consistent with the ends of justice." (Pen. Code, § 681a.) We are informed that of the 23 departments only four try criminal cases (not counting the juvenile court which

also tries certain types of criminal cases). Apparently, this is approximately the same number of criminal departments San Francisco had when its total departments numbered only 16. The following language in *Dearth* v. *Superior Court,* 40 Cal.App.2d 56 [104 P.2d 376], is applicable here: "To comply with the provision contained in section 1050 of the Penal Code that criminal matters should be given precedence over civil matters and to enable defendants in criminal actions to have the speedy trials which are guaranteed by the Constitution, a greater number of judges should have been assigned to departments handling criminal matters. There are fifty judges in the Superior Court of Los Angeles County, and the showing that a large number of civil cases were pending does not excuse the failure to assign a sufficient number of judges to handle criminal matters. Nor was there any showing made that the chairman of the judicial council was notified that a sufficient number of judges was not available to try criminal cases. In rule 25, adopted by the Judicial Council for the guidance of the superior court, it is provided that the departments handling criminal cases 'shall be sufficient in number to hear all criminal cases within the time required by law.' " (P. 59.)

With 23 departments to choose from, in order to protect the fundamental rights of persons charged with crime more departments could be assigned criminal cases. Or, at the very least, when such rights appear to be violated, some showing should be made to show the necessity therefor. ▌ The burden rests upon the prosecution to show such necessity. (*Zamloch* v. *Municipal Court, supra,* 106 Cal.App.2d 260.) The trial court at first recognized that fact, because when defendants on July 29th moved for a dismissal the court stated that the district attorney should make an affidavit, apparently to show good cause for the delay. But the court then changed its view and placed the burden upon defendant of showing lack of necessity by requiring that the defendants make an affidavit. Defendants are not required so to do. As said in *People* v. *Morino, supra,* 85 Cal. 515, 517: "It was enough for the defendant to show that the time fixed by the statute, after information filed, had expired, and that the case had not been postponed on his application. If there was any good cause for holding him for a longer time without a trial, it was for the prosecution to show it. The court could not presume it." "There is no presumption in such case, at least in the trial court, that the court has acted regularly . . ."

(*In re Begerow,* 133 Cal. 349, 352 [65 P. 828, 85 Am.St.Rep. 178, 56 L.R.A. 513].) Section 1382 provides that "unless good cause to the contrary is shown" the court *must* dismiss the action. The court should have done so. ■ No judge has an inherent right to try any particular case nor to refuse to transfer cases out of his department. Plaintiff makes some point of the fact that on the hearing of the motion to dismiss, the court suggested that the matter be continued to give the district attorney time to prepare an affidavit and when the district attorney seemed doubtful of the necessity, then suggested that defendants make an affidavit. Defendants did not do so but submitted their motion. Defendants were well within their rights in doing so. ■ It was the duty of the district attorney to have been prepared with a showing of the necessity therefor when asking that day or any day beyond the 60-day period for a continuance for trial. Under the law the case should not have been continued without a showing by the prosecution of good cause therefor. ■ Thus, when defendants moved for a dismissal the prosecution was not entitled to a continuance to make a showing in opposition to the motion. In the absence of a showing of good cause, the court should have dismissed the case. "The burden is on the prosecution to show good cause for the delay when a motion for dismissal . . . is made on that account." (*People* v. *Angelopoulos,* 30 Cal.App.2d 538, 545 [86 P.2d 873].)

Cases cited by plaintiff are not in point. In *People* v. *Benc,* 130 Cal. 159 [62 P. 404], all of the continuances were consented to by the defendant. The decision makes the statement that the fact that the court was engaged in the trial of another case was good cause for excluding the time the court was so engaged from the statutory time, but that was a one-judge court. *In re Lopez,* 39 Cal.2d 118 [245 P.2d 1], dealt with a situation where the defendant consented to continuances beyond the 60-day period. It was held that a delay of 21 days from the date to which he had last consented was excused by the fact that the court was busy with other criminal cases. The decision states that although a defendant is not entitled to go to trial as of right on the day to which he last consented if good cause appears for further delay, the delay must not be unreasonable. The defendant is still entitled to a speedy trial, and what is a speedy trial, says the court, "depends on the circumstances of each case bear-

ing on the factors of good cause and a reasonable discretion in allowing postponements." (P. 120.) In our case the defendants at no time after April 21st consented to the postponements, were consistently insisting upon immediate trial, both within and after the 60-day period. So far as the record shows, they were denied a speedy trial because of the insistence of the court that the case remain in an already overburdened department.

It should be pointed out for its effect in other cases where the situation may be different from the one here, that the right to a speedy trial is one which a defendant may waive and that if he does not raise the claim of denial of a speedy trial either by application for a proper writ or on appeal from his conviction, the right is waived.

The motion to dismiss the cause should have been granted. "The validity of the order denying a defendant's motion to dismiss a criminal action against him for failure to award him a speedy trial . . . may be reviewed on appeal from a subsequent judgment of conviction." (*People* v. *Angelopoulos, supra,* 30 Cal.App.2d 538, 545.)

The judgments are reversed and the trial court is directed to dismiss the action against both defendants.

Peters, P. J., and Wood (Fred B.), concurred.

A petition for a rehearing was denied June 24, 1954, and respondent's petition for a hearing by the Supreme Court was denied July 7, 1954. Shenk, J., and Spence, J., were of the opinion that the petition should be granted.