[Crim. No. 7691.   Second Dist., Div. Two.   Nov. 24, 1961.]

THE PEOPLE, Plaintiff and Respondent, v. EDWARD HENDRIX, Defendant and Appellant.

Chandler & Duncan and Elinor Chandler for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Matthew M. Kearney, Deputy Attorney General, for Plaintiff and Respondent.

HERNDON, J.—After a jury trial appellant was found guilty of possession of marijuana in violation of section 11530, Health and Safety Code. During the trial he admitted two prior felony convictions, which previously he had denied. He appeals from the judgment of conviction contending (1) that the trial court erred prejudicially in failing to read the accusatory pleading and state his plea to the jury immediately after the jury was impaneled and sworn; and (2) that there is insufficient evidence to support the verdict.

Section 1093 of the Penal Code provides, in part: "The jury having been impaneled and sworn, unless waived, the trial must proceed in the following order, unless otherwise directed by the court: 1. If the accusatory pleading be for a felony, the clerk must read it, and state the plea of the defendant to the jury . . ."

[■■] At the trial of the instant case, after the first witness had concluded his testimony, counsel for the People inquired whether the reading of the information had been waived. Defense counsel thereupon expressly waived the reading of the information, and the People joined in the waiver. There was neither objection nor assignment of error. Particularly in view of appellant's waiver of the reading of the information, this noncompliance with the order of procedure prescribed in section 1093 constitutes no ground for reversal. It was so held in *People* v. *Shack,* 55 Cal.App.2d 16, 19 [130 P.2d 197]. (See also *People* v. *Sprague,* 53 Cal. 491, 495.)

A summary of the evidence will suffice to demonstrate its sufficiency. On December 14, 1960, at approximately 11:15

p. m. Officers Pine and Farmer of the Los Angeles Police Department observed a 1947 Cadillac southbound on Main Street. The officers were in a black and white radio patrol car. The Cadillac had no rear plate illumination. The Cadillac stopped for a light at the intersection of Pico and Main and, when the light changed again, proceeded southbound on Main Street.

Officer Farmer turned on the red lights of the police vehicle and sounded the horn to attract the attention of the Cadillac's driver. The Cadillac slowed, pulled to the right and continued southbound to 15th Street. Officer Pine flashed a spotlight back and forth across the rear window of the Cadillac, which turned west on 15th Street, continued to the middle of the block and then stopped.

Before the Cadillac came to a stop, the right front door opened a few inches and an object dropped to the pavement. When this occurred, the Cadillac was observed seven feet from the curb and the police car was following at a distance of approximately two car lengths. The headlights of the police car were on and the street was quite well lighted.

The Cadillac traveled approximately a car length and a half after its right front door came open. Officer Farmer got out of the police car and walked directly to the package which had fallen from the Cadillac. Officer Pine approached the Cadillac and observed that the front door was ajar. The officer observed appellant sitting on the right front seat, next to the open door. Other occupants of the vehicle were the driver and a passenger, seated on the rear seat behind the driver.

Officer Farmer picked up the package which had fallen from the Cadillac and observed that it was wrapped in a piece of newspaper with a rubber band crisscrossed around it. There was a brown cigarette on the face of the package underneath the rubber band. Officer Farmer directed a question to all three occupants of the car, inquiring to whom the package belonged. Appellant alone answered, stating "[t]hat is not my grass." Among users and dealers in narcotics, the term "grass" commonly refers to loose marijuana. The officers took the package and the cigarette to Central Station, Narcotics Division, where they were examined by the Watch Commander. Officer Farmer put the items of evidence into an envelope, which he sealed with wax and placed his thumb print on the wax.

On the following day Lieutenant King, a police officer of the City of Los Angeles assigned to the scientific investigation division as a chemist, received the envelope from the central property division, observing that it was sealed in the manner described by Officer Farmer. He opened the envelope by cutting around the seal so as to preserve it, and took out the contents. He made an examination of the material and formed the opinion that it was marijuana. He also examined the contents of the cigarette and found it to be marijuana. He then returned the material to the original package and re-sealed it with two red sealing wax seals, placing his thumb print on each of them. The package was then returned to central property division.

Appellant contends (a) that the narcotics introduced in evidence were not shown to have been the same as those contained in the package thrown from the Cadillac; (b) that there was no showing that appellant had possession of the package containing the narcotics, or that he had knowledge of its narcotic character; and (c) that the package containing the narcotics had been abandoned.

We find no merit in any of these contentions. The testimony of the officers provides more than adequate support for the implied finding that the package of marijuana and the marijuana cigarette received in evidence were the same objects as those recovered at the time of appellant's arrest. Appellant's behavior, his position in the car and his declaration "[t]hat is not my grass" strongly indicated first, that he had been in actual possession of the package, exercising physical control over it, until he threw it from the car, and, second, that he had knowledge of (a) the narcotic character of the contents, and (b) the unlawfulness of its possession. The recited evidence supplied substantial and sufficient proof of the essential elements of the offense charged. (*People v. Holloway*, 177 Cal.App.2d 287, 292 [2 Cal.Rptr. 48]; and see *People v. Winston*, 46 Cal.2d 151, 158-161 [293 P.2d 40].) Appellant's attempt to rid himself of the incriminating evidence tended to prove his knowledge of its illicit character. (*People v. Tolliver*, 179 Cal.App.2d 736, 740 [4 Cal.Rptr. 271].)

The judgment is affirmed.

Fox, P. J., and Ashburn, J., concurred.