SULLIVAN, J.
 

 After a trial by jury the defendant was convicted of robbery in the second degree. He appeals from the judgment and from the order denying his motion for a new trial.
 

 The sole contention on this appeal is that the action should be dismissed because the defendant was not brought to trial within the time required by law. In view of this, it is not necessary for us to set forth the facts relating to the commission of the offense.
 

 The information was filed on May 25, 1959. An amendment to the information alleging prior felony convictions was filed on June 2, 1959, the arraignment having been continued from June 1 to June 2. On June 2, the defendant was arraigned at his request and the cause continued to June 9 to plead. On June 9, the defendant pleaded not guilty, denied the first alleged prior conviction and admitted the second alleged prior conviction; at his request the cause was continued to July 14 for trial. On July 14, the defendant failing to appear, the
 
 *833
 
 court ordered a bench warrant issued for his apprehension and also ordered the cause continued to July 21 for trial. The defendant still failing to appear, the trial was postponed from July 21 to October 13, and thereafter from October 13 to October 14. On the last date, there being no appearance on behalf of the defendant, the court, at the request of the prosecution, ordered the cause off calendar.
 

 The defendant was apprehended in Philadelphia and upon his waiver of formal extradition was returned to San Francisco. On November 7, he appeared in court with counsel and, with consent of counsel, the cause was continued to December 12 for trial. On December 12, the public defender was substituted as defendant’s counsel and the cause was continued to December 16, to be set for trial.
 
 [1]
 

 On December 16, the defendant appeared with an assistant public defender as counsel and personally presented to the court a motion to reduce bail and a request to secure the return of certain property. At the commencement of such proceedings, he stated: “I
 
 was ready for trial
 
 the 12th of December ...” (Emphasis added.) At the conclusion, the following colloquy took place: “The Court: ... I think we ought to put this case on for trial as soon as possible, Mr. Dean [the assistant district attorney]. I think this case ought to be disposed of. The Dependant : I am ready for immediate trial. The Court : Well, there are a lot of other people ahead of you, but we will do the best we can. We ought to try this case. Mr. Dean : Put it on for January 11th, your Honor ? The Court : All right, the motion for reduction of bail is denied, and we will put it on for January 11th, and see if we can’t get the ease tried.”
 

 On December 21, the defendant, again appearing with the assistant public defender, personally made and argued a motion to dismiss the information pursuant to section 995 of the Penal Code. The court denied the motion and asked when “this case is on for trial” to which the assistant district attorney responded “January 11th.” The defendant made no objection.
 

 
 *834
 
 The defendant next appeared in court on January 11. It is not disclosed by the record whether or not he appeared with counsel. Upon the calling of the case, the assistant district attorney informed the court that defendant’s case was “the standby case for today,” that there were other cases ahead of it on the trial calendar and that “this will be the following case which will be on the 18th.” The defendant objected to “any more stalling tactics from the District Attorney” and moved to dismiss pursuant to subdivision 2 of section 1382 of the Penal Code. In support of his motion, the defendant argued that he had “asked the Court for a fair and speedy trial on December 12th, again on December 16th and the Court and District Attorney stated here that I would be tried on January 11th without fail”; that if the court refused to dismiss his case, it should order it to trial and let the other case wait; that “I don’t care for a dismissal, to tell the truth. I want an acquittal. . . .I’m ready to defend myself today.” The court pointed out to the defendant that it could not try two cases at the same time and that it was trying to get defendant’s case to trial. Defendant’s motion to dismiss was thereupon denied and the cause continued to January 18 for trial. The case proceeded to trial on January 18 and at the conclusion thereof the jury found the defendant guilty as charged.
 

 The right of a defendant in a criminal case to a speedy trial is guaranteed by the Constitution (art. I, § 13) and the Penal Code (§ 686, subd. 1; § 1382).
 
 [2]
 

 Prior to its amendment in 1959, section 1382 of the Penal Code provided in relevant part as follows: “The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases:
 

 “1............
 

 “2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial in a superior court within 60 days after the . . . filing of the information. . . .”
 

 It is settled that the right of a defendant to be brought to trial in a superior court within 60 days after the filing of the information may be waived.
 
 (In re Baird
 
 (1957) 150 Cal.App.2d 561, 571 [310 P.2d 454, 68 A.L.R.2d 628];
 
 People
 
 v.
 
 O’Leary
 
 (1955) 130 Cal.App.2d 430, 436 [278 P.2d 933].
 

 
 *835
 
 cert. den. 350 U.S. 867 [76 S.Ct. 113, 100 L.Ed. 768];
 
 Ray
 
 v.
 
 Superior Court
 
 (1929) 208 Cal. 357, 358 [281 P. 391].) Waiver is established not only when it appears that the defendant has expressly consented to a trial date beyond the 60-day limit but also when his consent thereto is presumed from his failure to object at the time.
 
 (Ray
 
 v.
 
 Superior Court, supra; People
 
 v.
 
 Tahtinen
 
 (1958) 50 Cal.2d 127, 131 [323 P.2d 442], cert. den. 358 U.S. 853 [79 S.Ct. 85, 3 L.Ed.2d 88].)
 

 Under the above statute, as it read prior to its 1959 amendment, the defendant by consenting to a postponement of his trial beyond the 60-day period waived his rights under such section, but did not thereby waive his constitutional right to a speedy trial thereafter or waive the requirement of such section that
 
 further
 
 delay be justified by a showing of good cause therefor.
 
 (In re Lopez
 
 (1952) 39 Cal.2d 118, 120 [245 P.2d 1];
 
 People
 
 v.
 
 Tahtinen, supra,
 
 50 Cal.2d 127, 131-132.) The burden of showing good cause for such further delay was on the prosecution.
 
 (People
 
 v.
 
 Echols
 
 (1954) 125 Cal.App.2d 810,816 [271 P.2d 595].) Stated another way, under the former law, the defendant who had consented to a postponement of his trial beyond the 60-day period was entitled to go to trial on the last day consented to, unless the prosecution showed good cause for further reasonable delay.
 
 (In re Lopez, supra; People
 
 v.
 
 Weiss
 
 (1958) 50 Cal.2d 535, 558-559 [327 P.2d
 
 527];
 
 cf.
 
 Malengo
 
 v.
 
 Municipal Court
 
 (1961) 56 Cal.2d 813, 815 [17 Cal.Rptr. 10, 366 P.2d 453].)
 

 In 1959, subdivision 2 of section 1382 of the Penal Code was amended to read in relevant part as follows: “When a defendant is not brought to trial in a superior court within 60 days after the . . . filing of the information . . . except that an action
 
 shall not he dismissed
 
 under this subdivision if it is set for trial on a date beyond the 60-day period at the request of the defendant or with
 
 his consent, express
 
 or
 
 implied,
 
 or because of his neglect or failure to appear and if the defendant is brought to trial on the date so set for trial or
 
 within 10 days thereafter.”
 
 (Emphasis added.) (Stats. 1959, ch. 1693, § 3, p. 4093, in effect September 18, 1959.) Subdivision 3 of section 1382 dealing with time of trial in misdemeanor cases was amended at the same time with an exception to its operation expressed in almost identical language. In addition, the 1959 amendment added the following paragraph which appears after subdivision 3 as the concluding paragraph of the section: “If the defendant is not represented by counsel, he shall not be deemed under this section to have consented to the date
 
 *836
 
 for his trial unless the court has explained to him his rights under this section and the effect of his consent.”
 

 The effect of the above amendment to subdivision 2 of section 1382 is to require that where the defendant consents to a postponement of trial beyond the 60-day period, he must be tried on the last date to which he himself has consented or within 10 days thereafter. (See 34 State Bar J. 717 (1959).) If he is not brought to trial within such period, the ease must be dismissed, unless of course the condition in the opening words of section 1382 is met and “good cause to the contrary is shown.” But it is clear that where he is brought to trial within 10 days of the last trial date to which he has consented, the requirement of showing good cause does not apply and the action shall not be dismissed. (Cf.
 
 Malengo
 
 v.
 
 Municipal Court, supra,
 
 56 Cal.2d 813, 815-816.)
 
 [3]
 

 We turn to the problem at hand and, applying the foregoing rules, proceed to determine whether the defendant Johnson consented to the postponement of his trial to January 11, 1961. If he did, his contention on this appeal is without merit, since he was brought to trial on January 18, 1961, within 10 days of the last trial date consented to.
 

 Defendant’s trial was originally set for July 14, 1959, within 60 days of the filing of the information. He failed to appear and did not again appear at any of the callings of the case until November 7, 1960. Admittedly a fugitive, he does not assert, nor can he, any rights under the statute up until this date.
 
 (In re Gere
 
 (1923) 64 Cal.App. 418, 422 [221 P. 689];
 
 People
 
 v.
 
 Seely
 
 (1946) 75 Cal.App.2d 525, 526-527 [171 P.2d 529], cert. den. (1947) 332 U.S. 819 [68 S.Ct. 147, 92 L.Ed. 396]; Pen. Code § 1382, subd. 2, as effective commencing September 18, 1959.) On November 7, the case was continued to December 12 with his counsel’s consent. Indeed, up to this point, defendant concedes that all continuances were with his consent.
 

 On December 12 the public defender was substituted as defendant’s counsel and the case continued to December 16 to be set for trial. Defendant concedes that since this was for his benefit, he cannot complain. As we have pointed out, the reporter’s transcript does not include the proceedings of December 12. There is no record of an objection by defend
 
 *837
 
 ant and no claim made before us that he made an objection to such continuance. He was represented by counsel on both occasions and is presumed to have consented to the continuance, not only to the
 
 length
 
 of the continuance but to its
 
 purpose;
 
 that is, he is presumed to have consented to a continuance for the purpose of
 
 setting
 
 the case for trial rather than for the purpose of trial itself.
 
 (Ray
 
 v.
 
 Superior Court, supra,
 
 208 Cal. 357, 358;
 
 People
 
 v.
 
 Tahtinen, supra,
 
 50 Cal.2d 127, 131;
 
 People
 
 v.
 
 Taylor
 
 (1959) 52 Cal.2d 91, 93 [338 P.2d 337].) On December 16 the case was continued to January 11, 1961, for trial. The defendant was represented by counsel at the time. Although he stated that he had been ready for trial on December 12 and was then “ready for immediate trial,” he made no objection to the continuance until January 11.
 

 A statement by a defendant that he is ready for trial, without more, cannot be construed as an objection to the continuance of the trial. Readiness for trial is not inconsistent with consent to its postponement. We find no merit in defendant’s claim that such a statement was the equivalent of an objection which was not expressed “in the most unequivocal terms.” The record shows no objection either specifically or in substance. When the court ordered the continuance, both the defendant and his counsel remained silent. The defendant is therefore presumed to have consented to the delay.
 
 (Ray
 
 v.
 
 Superior Court,
 
 supra;
 
 People
 
 v.
 
 Tahtinen,
 
 supra;
 
 People
 
 v.
 
 Taylor, supra.)
 
 It is also significant that the record of the proceedings before the court on December 21 at which time the defendant moved to dismiss pursuant to section 995, discloses no objection voiced by either the defendant or his counsel, when, upon the denial of defendant’s motion, the court was reminded that the ease was set for trial on January 11.
 

 We hold, therefore, that since the defendant consented to the continuance of his trial until January 11, 1961, and was brought to trial within 10 days thereafter, on January 18, 1961, he was tried within the time prescribed by subdivision 2 of section 1382.
 

 The judgment and order are affirmed.
 

 Bray, P. J., and Conley, J.,
 
 *
 
 concurred.
 

 [1]
 

 The above orders are reflected in the clerk’s transcript. The augmented reporter’s transcript filed herein pursuant to our order does not include the proceedings of December 12, although they would fall within the language and scope of our order. In view of this hiatus in the record, respondent argues that the record shows no objection by, and therefore consent of, defendant. The latter contends that the reporter’s notes for December 12 could not be found and that accordingly his consent cannot be presumed.
 

 [2]
 

 Art. I, § 13, in relevant part provides: “In criminal prosecutions, in any court whatever, the party accused shall have the right to a speedy and public trial; . . . ”
 

 Penal Code, $ 686, in relevant part provides: “In a criminal action the defendant is entitled: 1. To a speedy and public trial.”
 

 [3]
 

 The report of the Judicial Council recommending the revision of section 1382 indicates that this is the purpose of the amendment and that the amendment fixes "10 days as a reasonable time for trial after expiration of the period consented to by the defendant. ’ ’ (Seventeenth Biennial Report of the Judicial Council, pp. 31-32.)
 

 *
 

 Assigned by Chairman of Judicial Council,