[Crim. No. 8218.   Second Dist., Div. Four.   Nov. 19, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. SIMON NEVARRO HERRERA, Defendant and Appellant.

Simon Nevarro Herrera, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and S. Clark Moore, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—Defendant Simon Nevarro Herrera was charged by an information filed by the District Attorney of Los Angeles County with the crime of uttering a forged instrument in violation of section 470 of the Penal Code of the State of California. A prior felony conviction was alleged, burglary. Defendant pleaded not guilty and denied the prior conviction. Later, out of the presence of the jury, defendant admitted the prior conviction to be true. A jury found defendant guilty; motion for new trial was denied; probation was denied; and defendant sentenced to state prison for the term prescribed by law. The sentence was ordered to run concurrently with the sentence for the crime for which defendant was on parole. Defendant prosecutes this appeal from the judgment and order denying motion for a new trial.

Defendant applied to this court for appointment of counsel to assist him on appeal. This court having made an independent investigation of the record and having determined it would be neither advantageous to defendant nor helpful to this court to have counsel appointed, denied the application whereupon defendant prosecutes this appeal in propria persona. This is an appeal from the judgment and order denying motion for a new trial.

Charles Don Jones testified he was an employee at the Mayfair market in Azusa. On September 10, 1961, defendant bought some groceries at the store and asked him if he would cash a check. He cashed the check after defendant exhibited a driver's license and his social security card. The driver's license and social security numbers were noted on the back of the check. The check dated "9/9/6" was for the sum of $147 and was drawn on the Bank of America, La Puente Branch. The drawer of the check was Sakrete Associated Products Corporation by R. G. Baker and was payable to the order of J. G. Trujillo.

Gary K. Weir testified he was a box boy at the Mayfair market. After the check was cashed he followed defendant to the parking lot, attempting to get defendant's license number. Defendant proceeded across the parking lot to the Save-On drug store. Defendant placed the groceries that he had purchased from the market in some planters by the side of Penney's department store.

Jacob Garcia Trujillo testified he lost his wallet and his driver's license in 1961. He testified he did not write the endorsement on the check and that he did not give anyone permission to sign his name or to use his driver's license or his social security number.

Rosalie Hernandez testified she had known defendant for several years; that her husband had a book of checks similar to the check received in evidence (People's 1); that her husband gave the book of checks to defendant and that she had seen this type of check in defendant's home.

Joseph W. Orebaugh testified he was general manager of the Sakrete corporation; that no person by the name of R. G. Baker was associated with his company; that he gave no one permission to use this check or to sign the name.

Defendant testified in his own behalf. He denied he was ever in the Mayfair market. He denied he presented the check or that he wrote the endorsement thereon. He further testified

he had never seen the check and that the check had never been in his possession.

Defendant contends that the evidence was insufficient to sustain the verdict.

■■■ "In considering the sufficiency of the evidence to support a verdict, the appellate court determines only whether there is any substantial evidence in the record, either direct or circumstantial, contradicted or uncontradicted, which justifies the conclusion reached. [Citations.]" *(People* v. *Foster,* 195 Cal.App.2d 651, 653 [15 Cal.Rptr. 891].)

■ The evidence heretofore outlined is substantial and legally sufficient to sustain the finding of the jury that the crime of uttering a forged instrument in violation of section 470 of the Penal Code had been committed and that defendant committed the crime. Three witnesses identified defendant as the person who passed and cashed the check that was received in evidence.

■ "The crime of forgery consists either in the false making or alteration of a document without authority or the uttering (making use) of such a document with the intent to defraud. . . . [T]he test is whether upon its face it will have the effect of defrauding one who acts upon it as genuine. [Citations.]" *(People* v. *McKenna,* 11 Cal.2d 327, 332 [79 P.2d 1065].)

Jacob Trujillo, whose name was endorsed on the check and whose operator's license and social security number were used to cash the check, gave no authorization to defendant to cash his check.

It is true that defendant has the benefit of testimony of the handwriting expert that in his opinion defendant did not write the face of the check, nor the endorsement thereon, but the evidence was overwhelming that he cashed and received the proceeds from the check. The jury heard the testimony of the witnesses from the market where the check was cashed as well as the alibi witnesses produced by defendant.

■ ■ "It is the province of the trier of the facts to pass upon the credibility of the witnesses and determine the weight that should be given to their testimony; also, to resolve any conflicts and inconsistencies in their testimony, and this rule applies to conflicts and inconsistencies in the testimony of a particular witness. [Citations.]" *(People* v. *Alonzo,* 158 Cal. App.2d 45, 47 [322 P.2d 42].)

■ Defendant also contends that his rights were violated when his counsel waived the reading of the information with-

out his consent. Section 1093 of the Penal Code expressly authorizes the waiving of the reading of the information and clearly this is a function which lies within the general authority of counsel to perform for the defendant absent any specific requirement in the law that the waiver must be by the defendant personally. In any event the proceedings set forth in section 1093 are not mandatory. *(People v. Ross,* 98 Cal.App.2d 805, 809 [221 P.2d 280].) Both the clerk's transcript and the reporter's transcript reveal that the formal reading of the information was waived. *(People v. Shack,* 55 Cal.App.2d 16, 19 [130 P.2d 197].)

Defendant next contends the trial court and the prosecuting attorney committed prejudicial error in allowing certain evidence to come before the jury. A review of the evidence does not show that any prejudicial error was committed. No objections to the purported prejudicial questions as set forth in defendant's brief were made by defendant.

██ "The contention that evidence was erroneously admitted will not be considered on appeal where objection was not made in the trial court. [Citation.]" *(People v. Peters,* 96 Cal.App.2d 671, 678 [216 P.2d 145].)

Defendant finally contends that the trial judge improperly instructed the jury, in that he "departed from the established formula (Pen. Code, § 1096) without determining whether the instructions correctly stated the law."

Since defendant is not represented by counsel on appeal and did not request the record to be augmented to include the trial court's instruction, we have augmented the record on our own motion to include the instruction given by the court.[1]

We have ascertained therefrom that the court did read to the jury the proper instructions that correctly stated the law.

---

[1] A defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to an acquittal, but the effect of this presumption is only to place upon the State the burden of proving him guilty beyond a reasonable doubt. Reasonable doubt is defined as follows: It is not a mere possible doubt; because everything relating to human affairs, and depending on moral evidence, is open to some possible or imaginary doubt. It is that state of the case which, after the entire comparison and consideration of all the evidence, leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction, to a moral certainty, of the truth of the charge. (CALJIC 21.)

The law does not require demonstration or that degree of proof which, excluding all possibility of error, produces absolute certainty, for such degree of proof is rarely possible. Only that degree of proof is necessary which convinces the mind and directs and satisfies the conscience of those who are bound to act conscientiously upon it. (CALJIC 22.)

■ As stated in *People* v. *Derenzo,* 46 Cal.App.2d 411, 416 [115 P.2d 858], "In its instructions the trial court read to the jury section 1096 of the Penal Code, on the subject of presumption of innocence, reasonable doubt and burden of proof. Defendant now complains that the court erred in also giving to the jury this instruction: 'The law does not require demonstration or that degree of proof which, excluding all possibility of error, produces absolute certainty, for such degree of proof is rarely possible. Only that degree of proof is necessary which convinces the mind and directs and satisfies the conscience of those who are bound to act conscientiously upon it.' Although the reading of section 1096 was sufficient to inform the jury on the subjects covered therein, the court was not restricted to the reading of the section but could in the exercise of its discretion amplify the definition of reasonable doubt. [Citation.] The additional instruction correctly states the rule which has long been followed in this state. Defendant relies upon the decision in *People* v. *Soldavini,* 45 Cal.App.2d 460 [114 P.2d 415], but the reversal in that case was based upon the fact that the trial court failed to instruct the jury on the essential elements of the presumption of innocence and the burden of proof. These elements were covered in the instructions given in the case now before us."

The judgment of conviction is affirmed, and the purported appeal from the order denying motion for new trial is dismissed.

Burke, P. J., and Ford, J.,* concurred.

A petition for a rehearing was denied December 18, 1962.

---

*Assigned by Chairman of Judicial Council.