[Crim. No. 12764.   Second Dist., Div. One.   May 29, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. GEORGE LARRY HILL, Defendant and Appellant.

Laurence M. Sarnoff, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Lawrence E. Mindell, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of rape.

In an information filed in Los Angeles County on February 18, 1966, defendant was charged with raping Odessa M. Nelson (a person of the age of 16 years), on or about September 25, 1965. Defendant pleaded not guilty and in a jury trial held on April 20, 1966, was found guilty as charged. Probation was denied and defendant was sentenced on May 13, 1966, to one year in the county jail, with good time allowed if earned. A timely notice of appeal was filed.

A résumé of some of the facts is as follows: Defendant, who knew that Odessa Nelson was only 15 years of age when he met her in November 1964, engaged in many acts of sexual intercourse with her from the date of meeting her to about September 1965. Odessa became pregnant as a result of the activities with defendant and gave birth to a child on January 12, 1966. Sergeant Gardner, attached to the Watts juvenile division, and Sergeant Oliver talked with defendant after advising him of his rights to remain silent, to the services of an attorney and that anything he said could be used against him. Defendant stated that he was the father of Odessa's child and that he had had frequent acts of sexual intercourse with her.

Defendant now contends that he was denied his right to a speedy trial, that he was not informed of the nature of the accusation against him and that the jury was improperly instructed.

The information was filed on Friday, February 18, 1966, and the trial was had on Wednesday, April 20, 1966, 61 days later.

On February 25, 1966, the date appellant pleaded not guilty, the trial was set for April 18, 1966. On Monday, April 18, 1966, the cause was called for trial and due to a congested calendar trailed to April 19, 1966. On April 19, 1966, due to a congested calendar the matter trailed to April 20, 1966. No

motion was made by defendant, nor did he advise the court that he refused to abide by the continuance or that he would insist upon going to trial on April 19. The minutes recite that on April 20, 1966, a jury was sworn, the "[r]eading of the information" was waived, testimony was taken and the matter submitted to the jury at 11:40 a.m. At 1:45 p.m. the jury returned with a verdict of guilty as charged.

▇ The right to a trial within the prescribed statutory and constitutional limits may be waived. (See *People* v. *Wilson,* 60 Cal.2d 139, 148 [32 Cal.Rptr. 44, 383 P.2d 452]; *Chinn* v. *United States,* 288 F.2d 151, 153; *Morland* v. *United States,* 193 F.2d 297, 298; *People* v. *Tahtinen,* 50 Cal.2d 127, 131 [323 P.2d 442].)

▇ The rule is clear to the effect that a defendant impliedly consents to a continuance beyond the 60-day limit unless he takes some action to inform the court that he does not waive his right. Failure to object is the equivalent of consent. (See *People* v. *O'Leary,* 130 Cal.App.2d 430, 436 [278 P.2d 933]; *Ray* v. *Superior Court,* 208 Cal. 357, 358 [281 P. 391]; *People* v. *Hocking,* 140 Cal.App.2d 778, 780 [296 P.2d 59]; *People* v. *Tahtinen, supra,* 50 Cal.2d 127, 131-132; *People* v. *Johnson,* 205 Cal.App.2d 831, 834 [23 Cal.Rptr. 608]; *People* v. *Wilson, supra,* 60 Cal.2d 139, 146, 148.) ▇ In any event, defendant should not be permitted to wait until the matter is in this court before raising the question.

▇ At the start of the trial, the court made inquiry whether the reading of the information would be waived and counsel for defendant stated "So waived" and the prosecution said, "So waived, your Honor." The jury was fully aware of the nature of the charge as was appellant. (See *People* v. *Sprague,* 53 Cal. 491, 494-495; *People* v. *Twiggs,* 223 Cal.App.2d 455, 464 [35 Cal.Rptr. 859].) Appellant was represented by counsel at the arraignment and it will be presumed here, in absence of anything to the contrary, that official duty was performed. ▇ One of the purposes of the arraignment is to inform the accused of the charge and to permit him to plead to it or move to set the charge aside. (See *People* v. *White,* 222 Cal.App.2d 774, 780 [35 Cal.Rptr. 571]; *People* v. *Williams,* 171 Cal.App.2d 267, 268-269 [340 P.2d 294].)

▇ The waiver of counsel under the circumstances in this case was sufficient. (See *People* v. *Herrera,* 209 Cal.App. 2d 748, 752 [26 Cal.Rptr. 409]; *People* v. *Hendrix,* 197 Cal. App.2d 327, 328 [17 Cal.Rptr. 79]; *People* v. *Shack,* 55 Cal. App.2d 16, 19 [130 P.2d 197].)

The court gave CALJIC instruction No. 501.[1] Appellant now complains that the instruction as given makes no provisions for the situation where the accused thought that the victim was over the age of consent. (See *People* v. *Hernandez*, 61 Cal.2d 529 [39 Cal.Rptr. 361, 393 P.2d 673, 8 A.L.R.3d 1092].) No such an instruction was requested and further appellant testified in his own behalf and stated that he understood the charge being made against him, that he had wanted a jury trial, that he knew Odessa was only 15 years of age, that he had had several acts of sexual intercourse with her and that he was the father of her child. Had appellant desired any such modified instruction, he should have requested it. (See *People* v. *Shepherd*, 223 Cal.App.2d 166, 173 [35 Cal.Rptr. 497]; *People* v. *Fernandez*, 222 Cal.App.2d 760, 767 [35 Cal.Rptr. 370]; *People* v. *Lombardi*, 205 Cal.App.2d 803, 805 [23 Cal.Rptr. 325].)

There is no merit to any of appellant's contentions.

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.

---

[1] "STATUTORY RAPE

"An act of sexual intercourse accomplished with a female person, under the age of eighteen years and not the wife of the perpetrator, is declared by our law to be the crime of rape. The offense commonly is termed statutory rape [to distinguish it from rape by force or violence as defined elsewhere in my instructions].

"In legal contemplation, a female person under the age of eighteen years and not the wife of the perpetrator is incapable of consenting to an act of sexual intercourse. Therefore upon a prosecution for statutory rape, if the alleged act of sexual intercourse has been proved, the defendant has no defense in the fact, if it be a fact, that the female person involved consented to the act."