[Crim. No. 7949. Second Dist., Div. Two. Dec. 9, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. DAVID P. SHEPHERD, Defendant and Appellant.

Booth & Moore and H. Randolph Moore, Jr., under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Plaintiff and Respondent.

FOX, P. J.—This court initially denied appellant's application for appointment of counsel to represent him on appeal. In due course after briefs were filed, the case was submitted and an opinion rendered affirming the judgment of conviction. (*People* v. *Shepherd*, 200 Cal.App.2d 306 [19 Cal.Rptr. 234].) Following the decision of the United States Supreme Court in *Douglas* v. *State of California*, 372 U.S. 353 [83 S.Ct. 814, 9 L.Ed.2d 811], we recalled the remittitur, vacated the judgment of this court, appointed counsel to represent appellant on the merits, granted time for filing an opening brief, and placed the case on the calendar for argument.

Defendant was indicted for a violation of section 11531, Health and Safety Code, charging that on December 22, 1960, he "did willfully, unlawfully and feloniously sell, furnish and give away a narcotic, to wit, marijuana." The indictment was later amended by interlineation by the addition of the words "offer to" inserted before the word "sell" so that the charge as amended read that he "did willfully, un-

lawfully and feloniously offer to sell, furnish and give away a narcotic, to wit, marijuana.'' It was also amended to add a prior conviction charging that defendant had previously been convicted of the crime of rape, a felony, in the State of Michigan and that he had served a term of imprisonment therefor in the state prison. Defendant's motion under section 995 of the Penal Code to set aside the indictment on the ground that the amendment by interlineation stated a different offense from that found by the grand jury was denied. Defendant entered a plea of not guilty and denied the prior conviction. Upon a trial, the jury was unable to agree on a verdict and a mistrial was accordingly declared.

On June 29, 1961, defendant was rearraigned on the amended indictment, again pleaded not guilty and also denied the prior conviction. Out of the presence of the jury, defendant waived rereading of the amended indictment and admitted the prior conviction. He was found guilty by a jury as charged. His motion for new trial was denied, as was probation, whereupon defendant was sentenced to the state prison. He has appealed.

On December 22, 1960, James T. Johnson, a police officer of the City of Los Angeles, was working as an undercover narcotic agent. At approximately 2 p.m. on that date the officer was approached by ''Al'' while standing in front of Cooper's Doughnut Shop at 517 South Main Street. The officer had a conversation with ''Al'' who then walked over to defendant and had a conversation with him. The two then returned to the officer and the defendant asked him, ''What do you want?'' The officer replied, ''Can you get me half a can?'' Defendant replied, ''Let me go and make a phone call'', and walked away. He returned shortly and stated, ''We will have to go over on 37th Place and Vermont. Stud [the supplier] only has cans and he don't want to break them down.''

The officer and the two men then drove in the officer's car to 37th Place and Vermont. When they arrived, defendant told the officer and ''Al'' to wait in the car. He asked the officer to give him the money and said he would walk around the corner, get a can of ''weed'' and bring it back. Officer Johnson inquired why he couldn't go with him. Defendant replied, ''Stud gets leery. He doesn't want me to bring anyone with me.'' Defendant told Officer Johnson to pick him up as soon as he saw him walk back to the corner because he didn't want to be seen with narcotics on him. The officer then handed three five-dollar bills to defendant who got out of the car and walked around the corner. The officer and ''Al''

waited approximately 30 minutes in the car. They drove to the corner but the officer did not see defendant come back. Shortly thereafter the officer left.

During the month of January 1961, Officer Johnson observed defendant four or five times. The second time, a week or 10 days after the transaction of December 22, the defendant walked over to Officer Johnson who inquired of him, "What happened to my money? Why didn't you bring my money back or the narcotics?" Defendant indicated that he had been picked up by the police and had to spend the money to get out on bail. He then said, "I will get your narcotics for you." The officer asked him where he lived and defendant gave him a street address. The officer expressed doubt as to the correctness of the address, whereupon defendant produced his driver's license. It was at this time he learned defendant's name. This enabled the officer also to get defendant's picture by reason of his previous conviction.

At the trial defendant denied that he had ever seen Officer Johnson prior to sometime in January of 1961. He also denied that he had been at 37th Place and Vermont with the officer or anyone else. His story of meeting Officer Johnson in January 1961 and what there transpired differed substantially from the officer's account. He said that Johnson walked up behind him, grabbed his shoulder and asked, "Where is my stuff?" Defendant said he did not know the officer and asked him who he was and also said to him, "You don't know me." It seems the officer had addressed him by some name other than his correct name. In order to support his claim that the officer did not know him, defendant produced his driver's license. Defendant denied that he ever furnished narcotics to the officer or to anyone else.

Court-appointed counsel argue three points: (1) insufficiency of the evidence; (2) asserted error in amending the indictment; and (3) asserted inadequacy of the instructions.

In arguing that the evidence is insufficient to sustain the conviction counsel for appellant point out that "a specific intent to sell a narcotic is an essential element of the crime of offering to make such a sale ..." (*People* v. *Brown*, 55 Cal. 2d 64, 68 [9 Cal.Rptr. 816, 357 P.2d 1072]; *People* v. *Jackson*, 59 Cal.2d 468, 470 [30 Cal.Rptr. 329, 381 P.2d 1]) and then assert "there is no showing of specific intent to offer the sale of marijuana."[1]

---

[1] In this connection counsel's brief states: "Appellant, for the sake of argument, will concede identity and that and [*sic*] 'act' [in furtherance

The requisite specific intent could reasonably have been inferred by the jury from this testimony of the officer: that following the officer's inquiry as to whether defendant could provide him with "half a can," defendant stated he would have to make a telephone call, left and returned shortly. He directed the officer to drive to another part of the city where he indicated he would be able to get the required quantity of narcotics from a supplier whom he referred to as "Stud." Upon arriving at the designated point, defendant asked the officer for the money, accepted it, left the car stating that he would go around the corner, procure the marijuana and bring it back. Also, the further testimony that a week or ten days later, the officer saw defendant and inquired as to what happened to his money and why he didn't bring back his money or the narcotics; that defendant indicated he had been picked up by the police and had to use the money to get out on bail; and said, "I will get your narcotics for you." The foregoing testimony which the jury must have accepted as true since it is implicit in their verdict, clearly indicates a specific intent to sell the contraband. Apposite here is this observation of the court in a similar situation in *People* v. *Brown, supra* (p. 68): "In view, however, of defendant's subsequent admission that 'he had [the stuff] and he was on his way back but the police rousted him and he had to get rid of it;' and the absence of any compelling evidence that defendant's offer was false, the trial court could reasonably conclude that defendant meant what he said when he stated to the officer that for $9.00 'he would get it for me.... He would get the stuff for me.' "

In an attempt to equate the facts of the instant case with those in *People* v. *Jackson, supra,* on which appellant relies, counsel overlook the significance of the conversation between defendant and the officer a week or 10 days after the initial offer. On this latter occasion defendant sought to explain and excuse his failure to return with the contraband, and acknowledged his obligation to get it and promised performance. This conversation lends support to the inference that defendant initially intended to produce the marijuana, and tends to negate the idea that his "offer was false" (*People* v. *Brown, supra*), that is, that he had "no intention of performing." (*People* v. *Jackson, supra.*)

---

of the offer to sell] was done, in that the officer went to a certain location and there handed $15.00 to a person he identifies as the Appellant, and got neither narcotics nor his money."

 Counsel for appellant (as well as appellant in his initial brief) contend that it was prejudicial error to amend the indictment on the theory that the amendment changed the offense for which he was indicted. The People, however, point out that section 1009, Penal Code, provides that the district attorney may amend an indictment at any time before the defendant pleads and that the court may order or permit an amendment of an indictment "for any defect or insufficiency. . . ." It further provides, however, that "An indictment . . . cannot be amended so as to change the offense charged. . . ." As previously noted the words "offer to" were added by interlineation so that the amended indictment charged that the defendant did "offer to sell, furnish and give away a narcotic, to wit, marijuana." Thereafter the defendant entered his plea.

It is the People's contention that the amendment was authorized by the above code section, that it did not change the offense charged, and that it did not prejudice the defendant. We believe the People's position is correct.

In *People* v. *Huerta*, 148 Cal.App.2d 272 [306 P.2d 505], an indictment for violation of section 11500, Health and Safety Code, as it then read, was amended during the course of trial by striking the narcotic therein described, which was marijuana, and substituting the words "a preparation of heroin." In sustaining the right to make this amendment the court stated (p. 275): "Where the amendment does not change the nature of the offense charged or prejudice the appellant's substantial rights, it is permitted. [Citation.]"

In *People* v. *O'Moore*, 83 Cal.App.2d 586 [189 P.2d 554], the indictment was amended to set forth more particularly the violation of statute which was therein alleged. In sustaining the right of the trial court to permit the amendment, the court stated (p. 591): "The amendments authorized by section 1008 of the Penal Code[2] are not confined to mere matters of form, as distinguished from matters of substance. That section authorizes amendments 'for *any defect or insufficiency.*'[3] provided of course the amendment does not change the offense charged and the "substantial rights of the defendant" are not thereby prejudiced.

The amendment to the indictment in the instant case is the same kind as those discussed in the above cited cases. The

---

[2]Now essentially Penal Code section 1009.

[3]Italics by the court.

original indictment alleged a public offense, a violation of section 11531, Health and Safety Code, in accordance with the statute. Both sales and offers to sell are prohibited by that section. Since an offense (the violation of Health & Saf. Code, § 11531) was alleged in the original indictment, under Penal Code section 1009 the indictment could properly be amended to state more clearly and more particularly the offense. (*Leonard* v. *Superior Court*, 4 Cal.2d 215, 218 [48 P.2d 687].)

The nature of the offense charged has not been changed. The original indictment alleged that the defendant did sell, furnish and give away marijuana in violation of section 11531, Health and Safety Code. The term ''sale'' as used in that section (and throughout Health & Saf. Code, div. 10) includes an offer to sell or give away. (Health & Saf. Code, § 11008.)[4] Therefore, since the definition of the term ''sell'' in the Health and Safety Code includes an offer to sell, the amendment did not change the offense charged by the grand jury.

It is therefore clear that the amendment was permissible under the authority of section 1009, Penal Code; that it did not change the offense charged in the indictment; and that defendant's substantial rights were in no way prejudiced thereby.

Counsel's point, with respect to the inadequacy of the court's instructions, is that on the question of intent ''it gave the instruction covering general intent rather than specific intent.'' To complete this phase of the picture it should be noted that the court also told the jury that ''it is unlawful for any person to convey, sell, furnish, administer or give away, or *offer to* . . . sell, furnish, administer or give away, . . . a narcotic'' (italics added), and in effect that marijuana is a narcotic. Thus the jury was instructed on the nature of the offense and that ''there must exist a union or joint operation of act and intent.'' Also, it appears from the record that defendant was given an opportunity to inspect proposed instructions submitted by the People, and invited to state his objections, if any, or submit his own proposed instructions if he wished. It does not appear that he made any

---

[4]This section reads: '' 'Sale' as used in this division, includes barter, exchange, or gift, or offer thereof, and each such transaction made by any person, whether as principal, proprietor, agent, servant, or employee.''

objection to the proposed instructions, or submitted any instructions of his own by way of amplification.

Essentially, appellant is complaining that the instructions relating to the offense did not go far enough, that is, did not state the requirement of a specific intent. █ Generally, where an instruction is correct as far as it goes and the only objection to it is one of inadequacy, the defendant is bound to request amplification before error may be predicated upon the failure to give such additional instruction. (*People* v. *Carothers*, 77 Cal.App.2d 252, 255 [175 P.2d 30]; *People* v. *Reed*, 38 Cal.2d 423, 429-430 [240 P.2d 590].)

█ Even if it may be said that in view of the charge it would have been appropriate for the trial court on its own motion to have advised the jury of the specific intent required to justify a conviction, it does not follow that the court's failure to so instruct the jury calls for a reversal of the judgment for it does not appear that such failure was prejudicial. In this connection it will be recalled that defendant testified that he never saw the officer on the occasion in question in December 1960—and not until sometime in the following January; that he did not go to 37th Place and Vermont with the officer or anyone else; and that "I didn't know anything about narcotics...." The officer, however, testified not only to the events that took place on December 22, 1960, but that at their meeting in early January, defendant sought to explain and excuse his failure to return with the marijuana, acknowledged his obligation to get it and promised to do so. Thus the jury had before it two squarely conflicting stories. If it had believed the defendant they would necessarily have had to return a verdict exonerating him. Implicit, however, in their verdict of guilty is their belief that the officer testified truthfully—that defendant did "offer to sell" him marijuana and that at the time he made this offer the defendant had a specific intent to sell him the said contraband. The officer's testimony clearly warrants this inference; and, as pointed out in *People* v. *Brown*, *supra*, "in the absence of any compelling evidence that defendant's offer was false," and there is no such evidence here, the jury could reasonably conclude that defendant meant what he said when he stated to the officer that he would get a can of "weed" and bring it back.

*People* v. *Jackson*, *supra*, on which counsel rely, is not here controlling. It is distinguishable from the instant case in two important respects: (1) In *Jackson* the trial court in effect

stated that "the only intent required is the intent to make an offer and that an intent to make a sale is not necessary" (p. 469 of 59 Cal.2d 468). In the instant case the court made no such (or even comparable) error. (2) At the later meeting of the officer and defendant in the *Jackson* case the defendant did not, as in the instant case, offer an explanation and excuse for his failure to bring back the contraband, and promise to get it for the officer, thus, in effect, admitting his obligation growing out of their conversation of December 22.

Other points raised by appellant in his briefs filed in propria persona have been adequately considered and disposed of in our earlier opinion in this case (200 Cal.App.2d 306 [19 Cal.Rptr. 234]).

The judgment is affirmed.

Herndon, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 29, 1964.