[Civ. No. 1366. Fifth Dist. Sept. 29, 1970.]

DENNIS FEAGLES, Petitioner, v.
THE SUPERIOR COURT OF FRESNO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

Krum & Hazel and Donald H. Hazel for Petitioner.

No appearance for Respondent.

Thomas C. Lynch, Attorney General, Doris H. Maier, Assistant Attorney General, and Jack R. Winkler, Deputy Attorney General, for Real Party in Interest.

## OPINION

**STONE, P. J.**—Petitioner was charged with 15 different felonies, each in a separate indictment returned by the Fresno County Grand Jury on May 15, 1969, in respondent court. Numbers 1 and 15 charged conspiracy to receive stolen property and conspiracy to commit grand theft, auto, respectively; numbers 2 through 14 charged him with receiving stolen property. He was arraigned on the 15 indictments, pleaded not guilty as to each, and thereafter filed a written motion to set aside the indictments under Penal Code section 995. Before argument, indictments 5, 9, and 11 were dismissed in the interests of justice, on motion by the district attorney. Respondent court granted petitioner's motion to dismiss indictments 4, 6, and 14, and denied it as to indictments 2, 3, 7, 8, 10, 12, and 13, receiving stolen property. After continuing the matter and hearing further argument on conspiracy indictments 1 and 15, the motion to set aside was also denied as to these charges.

Pursuant to section 999a of the Penal Code, petitioner filed with this court a petition for a writ of prohibition predicated upon the ground that the evidence adduced at the grand jury hearing does not support indictments 1, 2, 3, 7, 8, 10, 12, 13, and 15, that said indictments were filed without reasonable or probable cause and should be dismissed. We caused an alternative writ to issue, but not because we were concerned with indictments 2, 3, 7, 8, 10, 12, and 13. ■ An analysis of petitioner's objection to the sufficiency of the evidence to support those counts reveals it is based for the most part upon his contention that the evidence supporting each count is largely circumstantial. Circumstantial though it is, we believe the evidence meets the test enunciated by the Supreme Court in *People v. Ketchel,* 59 Cal.2d 503, at page 532 [30 Cal.Rptr. 538, 381 P.2d 394]: "'Probable cause is shown if a man of ordinary caution or prudence would be led to believe and conscientiously entertain a strong suspicion of the guilt of the accused. [Citation.] An indictment will not be set aside or a

prosecution thereon prohibited if there is some rational ground for assuming the *possibility* that an offense has been committed and the accused is guilty of it.' [Citations.] 'If there is some evidence to support the indictment, the courts will not inquire into its sufficiency. . . .' [Citations.]"

Suffice it to say, without relating all of the evidence which supports indictments 2, 3, 7, 8, 10, 12, and 13, that when viewed in light of the foregoing test in *Ketchel,* the evidence is sufficient to justify holding petitioner to stand trial against the charges alleged therein.

■ As to indictments 1 and 15, however, in granting the alternative writ we were greatly concerned over the fact the overt acts alleged in support of these conspiracy indictments were not proved. It is true, as real party in interest pointed out, that many other overt acts were proved, but it is significant that none of those proved was alleged. The Attorney General states the position of real party in interest as follows: "The Grand Jury transcript is replete with proof of overt acts by petitioner and others in furtherance of the conspiracy to receive stolen cars, but it must be conceded that there was no evidence presented to the Grand Jury to prove either of the two overt acts specifically alleged in Count I. The undersigned has found no case which holds that evidence of the specific overt act or acts charged in a conspiracy accusation is necessary to provide probable cause to support an indictment or information charging the conspiracy where the evidence before the Grand Jury or magistrate showed the commission of scme other overt act in furtherance of the conspiracy. It is clear that an accusation may be amended to allege an overt act omitted from the original pleading without alleging a different offense. *People* v. *Cancimilla* (1961) 197 Cal.App.2d 242, 252 [17 Cal.Rptr. 498]. And an indictment may be amended provided it does not change the offense charged by the Grand Jury. Penal Code § 1009; *People* v. *Shepherd* (1963) 223 Cal.App.2d 166, 172 [35 Cal.Rptr. 497, 17 A.L.R.3d 1173].

"It is submitted that since the proof before the Grand Jury established the conspiracy to receive stolen cars and one or more acts done in California to effect the objects of the conspiracy, probable cause for the commission of the conspiracy alleged in Count I was presented to the Grand Jury. The lack of proof of the overt acts charged in Count I is a defect which may be corrected by amendment and should not furnish grounds for setting aside the indictment for lack of probable cause."

Thus the Attorney General rationalizes that since an indictment may be amended to allege overt acts that are proved, there is no need to reverse just because those that are alleged are not proved. We shall point out why we do not agree with this theory.

To begin with, it does not appear that an amendment was contemplated. When the lack of proof was pointed out at the hearing in the trial court, the district attorney did not ask permission to amend, nor did the trial judge advise the district attorney to amend or the indictments would be dismissed. ■ There never was an amendment, so we must pass upon the sufficiency of the evidence as found in the record before us, tested by the language in the indictment as it now is, not upon the basis whether the indictment could have been amended or may yet be amended. Simply stated, the record reflects that the overt acts alleged in each indictment were not proved.

The Attorney General suggests that the overt act which must be proved as a prerequisite to a conspiracy conviction is a question of proof, that is, a specific overt act is not a necessary element of the crime charged. We reject the argument, for if this were true no overt act at all would need to be alleged in a conspiracy indictment. ■ Penal Code section 184 specifies there can be no crime of conspiracy unless there is an overt act, which, reduced to simplest terms, means that an overt act is an essential element in the crime of conspiracy; it follows that an allegation of conspiracy is fatally defective unless an overt act is charged. In *People* v. *Pierce*, 110 Cal.App.2d 598 [243 P.2d 585], the reviewing court said, in speaking of the crime of conspiracy, at page 610: "Besides a criminal agreement, the prosecution must *allege* and prove some overt act done in the furtherance of the objects of the conspiracy. (Pen. Code, §§ 182, 184.)" (Italics added.)

The editors of California criminal jury instructions have delineated "Conspiracy and Overt Act—Defined" in instruction CALJIC 6.10 as follows: "In order to find a defendant guilty of conspiracy, in addition to proof of the unlawful agreement, there must be proof of the commission of at least one of the overt acts *alleged* in the indictment. . . ." (Italics added.) (See *People* v. *Pacheco*, 194 Cal.App.2d 191, 196 [14 Cal.Rptr. 840]; *People* v. *Brownstein*, 109 Cal.App.2d 891, 892 [241 P.2d 1056]; 1 Witkin, Cal. Crimes (1963) § 105, p. 99; 11 Cal.Jur.2d, Conspiracy, § 14, p. 233.)

■ Having concluded that an overt act is an essential element of the crime of conspiracy, we look to the purpose for requiring that such act be alleged with particularity. Manifestly, the accused has the right to be informed of the charge against him and given an opportunity to prepare to meet that charge (Pen. Code, § 952; Witkin, Cal. Criminal Procedure (1954) § 185, p. 174). Were the People to charge a specific overt act and fail to prove it but prove a completely different act, a defendant might be taken by surprise. This would deprive a defendant of due process of

law. The United States Constitution provides, in the Sixth Amendment, that in all criminal prosecutions an accused has the right to be informed of the nature and cause of the accusation. (See Witkin, Cal. Criminal Procedure (1963) Requisites of Due Process, § 185, p. 174.)

The alternative writ heretofore issued is discharged as to indictments 2, 3, 7, 8, 10, 12, and 13 (receiving stolen property) and a peremptory writ is granted as to indictments 1 and 15 (conspiracy to receive stolen property, and conspiracy to commit grand theft, auto).

Gargano, J., and Coakley, J., concurred.

A petition for a rehearing was denied October 27, 1970.