[No. C030492. Third Dist. Aug. 22, 2001.]

THE PEOPLE, Plaintiff and Respondent, v.
MATTHEW LOREN COOK et al., Defendants and Appellants.

**[Opinion certified for partial publication.\*]**

\*See footnote 2, *post*, page 914.

## COUNSEL

Kyle Gee, under appointment by the Court of Appeal, for Defendant and Appellant Matthew Loren Cook.

Mark L. Christiansen, under appointment by the Court of Appeal, for Defendant and Appellant Anthony Soloman Lozo.

Marcia C. Levine, under appointment by the Court of Appeal, for Defendant and Appellant Troy Gains.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, Stephen G. Herndon, Shirley A. Nelson and Maureen A. Daly, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BLEASE, Acting P. J.**—Defendants Matthew Loren Cook, Anthony Soloman Lozo, and Darrion Troy Gains appeal from their judgments of conviction finding them guilty of conspiracy to commit assault with a firearm, first degree murder, premeditated and deliberate attempted murder, and first degree burglary arising from the killing of Jimmie Fonseca and the wounding of Carl Kato.

They raise claims of *Batson/Wheeler*[1] error, insufficiency of the evidence, evidentiary error, prosecutorial and juror misconduct, sentencing error and instructional error.

Relying on *People v. Fenenbock* (1996) 46 Cal.App.4th 1688 [54 Cal.Rptr.2d 608], defendants contend the trial court violated their right to notice and due process by instructing the jury that if they had a reasonable doubt that defendant was guilty of conspiracy to commit murder, they could convict him of the lesser included offense of conspiracy to commit assault with a firearm. We disagree.

---

[1]*Batson v. Kentucky* (1986) 476 U.S. 79 [106 S.Ct. 1712, 90 L.Ed.2d 69] and *People v. Wheeler* (1978) 22 Cal.3d 258 [148 Cal.Rptr. 890, 583 P.2d 748].

In the published portion of the opinion[2] we hold the trial court may look to the overt acts pleaded in a charge of conspiracy to determine whether the charged offense includes the lesser included offense. Under the accusatory pleading test for determining lesser included offenses, we find that conspiracy to commit assault by means of a firearm is a lesser included offense of conspiracy to commit murder as that offense was pleaded in the accusatory pleading. The overt acts alleged in the information gave notice to defendants of the lesser included offense, and the defendants do not claim the facts shown at the preliminary hearing failed to give them notice of the lesser offense or that they were surprised by the evidence presented at trial.

With the exception of sentencing error relating to the prior prison term enhancements imposed upon defendants Cook and Gains, which we vacate, we find no error and affirm the judgments and the sentences otherwise imposed.

FACTUAL BACKGROUND*

. . . . . . . . . . . . . . . . . . . . . . . . .

PROCEDURAL BACKGROUND

In a four-count information, defendants[5] were charged in count 1 with conspiracy to commit murder with eight overt acts alleged[6] (Pen. Code, § 182),[7] in count 2 with murder (§ 187, subd. (a)), in count 3 with attempted murder committed with deliberation and premeditation (§§ 664/187, subd. (a)), and in count 4 with burglary of an inhabited dwelling. (§ 459.) As to each count it was alleged against defendants Cook and Gains that they were armed (§ 12022, subd. (a)), and against defendant Lozo that he used a firearm. (§§ 12022.5, subd. (a), 1203.06, subd. (a)(1).) Additionally, it was alleged against Lozo in count 3 that he personally inflicted great bodily injury on the victim. (§§ 12022.7, 1203.075.) It was also alleged that the offenses charged in counts 2, 3, and 4 were serious felonies. (§ 1192.7, subd. (c)(1), (18).) Defendants Cook and Gains were also charged with having served a prior prison term. (§ 667.5, subd. (b).)

A jury found defendants not guilty of conspiracy to commit murder as charged, but guilty of the lesser offense of conspiracy to commit assault with

---

[2]The Reporter of Decisions is directed to publish the opinion except for the Factual Background and parts I. through V. and VII. through X. of the Discussion.

*See footnote 2, ante.

[5]Codefendant Kenneth Jerome Bolds, Jr., was charged with the same offenses as defendants Cook, Gains, and Lozo, but was acquitted on all counts.

[6]Overt act No. eight was subsequently stricken on the motion of the prosecution.

[7]All further section references are to the Penal Code unless otherwise specified.

a firearm, and guilty of first degree murder, attempted murder with premeditation and deliberation, and burglary. The jury also found true the armed allegations against Cook and Gains, and the use of a firearm and great bodily injury allegations against Lozo.

Defendants Cook, Gains, and Lozo were sentenced on count 2 to 25 years to life and on count 3 to a consecutive life term. Defendants Cook and Gains were sentenced to an additional two years for the armed enhancements, and one year for the prior prison term enhancement, with the sentences on counts 1 and 4 stayed. (§ 654.) Defendant Lozo was sentenced to an additional 23 years for the enhancements, with the sentences on counts 1 and 4 stayed. (§ 654.)

DISCUSSION

I.-V.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

VI.

*Conspiracy to Commit Assault with a Deadly Weapon as a Lesser Included Offense of Conspiracy to Commit Murder*

Relying on *People v. Fenenbock, supra,* 46 Cal.App.4th 1688, (hereafter *Fenenbock*), defendant Gains, joined by defendants Cook and Lozo, contends the trial court violated his right to notice and due process by instructing the jury that if they had a reasonable doubt that defendant was guilty of conspiracy to commit murder, they could convict him of the lesser included offense of conspiracy to commit an assault with a firearm. This error, he claims, requires that his conviction for conspiracy to commit assault with a firearm be reversed. The People concede instructional error and request that defendants' convictions for conspiracy to commit assault with a firearm be reversed.

We disagree with both parties and find no error.

A.

The facts relevant to the defendants' claim are as follows. In an incident in a Raley's parking lot between Jimmie Fonseca, the murder victim, Carl Kato, the surviving victim, and defendant Cook, Fonseca struck defendant

---

*See footnote 2, *ante,* page 914.

Cook on the head several times with a gun, knocking him down. A day or so later, defendants Cook, Gains, and Lozo all appeared angry about the pistol-whipping incident and spoke about getting revenge on Kato.

On the day of the shootings, Cook told Jose Gomez, an acquaintance of his, that he was looking for a gun, so Gomez introduced Cook and Lozo to one of his friends who sold the twosome a .38 special revolver for about $200. Later, Gomez and defendants purchased knit caps to use when they went to Kato's apartment.

Defendants returned to Cook's apartment, where Cook showed Kami Jonutz, his brother's girlfriend, the .38 special revolver. Defendants spoke about using it that night to get revenge on Kato. Brian Cook, defendant Cook's brother, cut eyeholes in the recently purchased caps and gave them to defendants. The three defendants left the apartment and around 9:45 p.m. they, along with codefendant Bolds, met Gomez in an alley near the victims' apartment. They were all wearing baggy clothing and had the ski caps pulled down over their faces. Gomez and defendant Lozo were both armed. Lozo had the .38 special revolver he had purchased earlier that day. When the group approached the victims' apartment, Gomez thought he saw someone with a gun peering out through the window, whereupon Gomez and Bolds fled down the alleyway.

Undeterred, defendants Cook, Gains, and Lozo forced open the apartment door. Lozo went into Fonseca's bedroom, found him sitting in a chair beside the window, and shot at him, stating, "[d]ie mother fucka, die." When Fonseca fell to the floor, Lozo shot him again. Next, defendants went to Kato's bedroom where Kato was sleeping. They kicked open the locked door and shot twice, hitting him in the chest. Fonseca died from his injuries; Kato survived after being placed in intensive care.

## B.

Defendants were charged with conspiracy to commit murder, and the trial court instructed the jury using a modified version of CALJIC Nos. 6.10 and 8.69. The jury was instructed in pertinent part as follows:

"The information charged conspiracy to commit murder. If you are not satisfied beyond a reasonable doubt ultimately in this case, after hearing the arguments, et cetera, if you are not satisfied beyond a reasonable doubt that a defendant is guilty of conspiracy to commit murder, you may nevertheless convict him of a lesser crime, if you are convinced beyond a reasonable doubt that the defendant is guilty of the lesser crime.

"The crime of conspiracy to commit an assault with a firearm is lesser to that of conspiracy to commit murder, and I will give further instructions on the process whereby you would consider a lesser charge.

"Now that I have explained the alternatives you will have in connection with Count 1, let me go back and define the charge.

"As I just stated, conspiracy is an agreement entered into by two or more persons with the specific intent to agree to commit the crime of murder, or the crime of assault with a firearm, and with the further specific intent to commit the crime charged, murder, or the lesser crime, assault with a firearm.

"The agreement must be followed by an overt act committed by one or more of the parties for the purpose of accomplishing the object of the agreement."

█ It is well established that even in the absence of a request, the trial court has a sua sponte duty to instruct on lesser included offenses when there is substantial evidence the defendant is guilty only of the lesser offense. (*People v. Birks* (1998) 19 Cal.4th 108, 118 [77 Cal.Rptr.2d 848, 960 P.2d 1073].) This requirement is based upon the rule that "the court must instruct sua sponte on 'the "general principles of law governing the case;" ' i.e., those ' "closely and openly connected with the facts of the case before the court." ' [Citations.]" (*People v. Birks, supra,* 19 Cal.4th at p. 118, quoting *People v. Hood* (1969) 1 Cal.3d 444, 449 [82 Cal.Rptr. 618, 462 P.2d 370]; see also *People v. Wilson* (1967) 66 Cal.2d 749, 759 [59 Cal.Rptr. 156, 427 P.2d 820]; *People v. Putnam* (1942) 20 Cal.2d 885, 890-891 [129 P.2d 367].) More recent cases have found the requirement is based upon the defendant's " 'constitutional right to have the jury determine every material issue presented by the evidence.' " (*People v. Birks, supra*, 19 Cal.4th at p. 119, quoting *People v. Sedeno* (1974) 10 Cal.3d 703, 720 [112 Cal.Rptr. 1, 518 P.2d 913].)

This instructional rule benefits both the prosecution and the defense. (*People v. Barton* (1995) 12 Cal.4th 186, 194-195 [47 Cal.Rptr.2d 569, 906 P.2d 531].) It "ensures that the jury will be exposed to the full range of verdict options which, by operation of law and with full notice to both parties, are presented *in the accusatory pleading itself* and are thus closely and openly connected to the case. In this context, the rule prevents either party . . . from forcing an all-or-nothing choice between conviction of the stated offense on the one hand, or complete acquittal on the other. Hence, the rule encourages a verdict, within the charge chosen by the prosecution, that is neither 'harsher [n]or more lenient than the evidence merits.' " (*People v. Birks, supra*, 19 Cal.4th at p. 119, original italics.)

■ To determine whether a lesser offense is necessarily included in a greater charged offense, one of two tests must be met. (*People v. Lopez* (1998) 19 Cal.4th 282, 288 [79 Cal.Rptr.2d 195, 965 P.2d 713].) The "elements" test is satisfied if the statutory elements of the greater offense include all the elements of the lesser offense so that the greater offense cannot be committed without committing the lesser offense. (*People v. Birks, supra*, 19 Cal.4th at p. 117.) The "accusatory pleading" test is satisfied if "the facts actually alleged in the accusatory pleading, include all the elements of the lesser offense, such that the greater [offense] cannot be committed without also committing the lesser [offense]." (*Ibid.*)

■ In the case before us, the trial court instructed the jury that conspiracy to commit assault with a firearm was a lesser included offense of the charged offense of conspiracy to commit murder.

■ A conspiracy is an agreement by two or more persons to commit any crime. (§ 182; *People v. Morante* (1999) 20 Cal.4th 403, 416 [84 Cal.Rptr.2d 665, 975 P.2d 1071].) A conviction for conspiracy requires proof of four elements: (1) an agreement between two or more people, (2) who have the specific intent to commit a public offense, (3) the specific intent to commit that offense, and (4) an overt act committed by one or more of the parties to the agreement for the purpose of carrying out the object of the conspiracy. (§§ 182, subd. (b), 184; *People v. Morante, supra*, 20 Cal.4th at p. 416; *People v. Herrera* (1999) 70 Cal.App.4th 1456, 1464 [83 Cal.Rptr.2d 307]; *People v. Lui* (1996) 46 Cal.App.4th 1119, 1128 [54 Cal.Rptr.2d 578]; *People v. Sconce* (1991) 228 Cal.App.3d 693, 700 [279 Cal.Rptr. 59]; *Feagles v. Superior Court* (1970) 11 Cal.App.3d 735, 739 [90 Cal.Rptr. 197]; 1 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Elements, § 90, p. 306.)

Under section 182, the jury must determine which felony the defendants conspired to commit, and it cannot make that determination unless it is instructed on the elements of the target offense charged as well as the elements of any lesser included target offense which the jury could reasonably find to be the object of the conspiracy. (*People v. Horn* (1974) 12 Cal.3d 290, 297 [115 Cal.Rptr. 516, 524 P.2d 1300].) Thus, the trial court has a sua sponte duty to instruct the jury on a lesser included target offense if there is substantial evidence from which the jury could find a conspiracy to commit the offense.

■ In the present case, defendants were charged with conspiracy to commit murder and the trial court had a sua sponte duty to instruct on the lesser included offenses of the target offense of murder. However, as the parties both correctly point out, since violence is not an element of murder,

under the statutory definition of murder and the statutory test for lesser included offenses, assault with a firearm is not a lesser included offense of murder. (*People v. Dixie* (1979) 98 Cal.App.3d 852, 856 [159 Cal.Rptr. 717]; *People v. Benjamin* (1975) 52 Cal.App.3d 63, 71 [124 Cal.Rptr. 799].)

We reach a different result applying the "accusatory pleading" test. Count 1 of the information charged defendants with conspiracy to commit murder, alleging seven overt acts. Based upon these allegations, the information charged defendants with conspiracy to commit murder by means of a firearm which they used to shoot and kill Jimmie Fonseca and to shoot and wound Carl Kato. (Overt Act Nos. 1 and 7.)[22]

The overt acts alleged in the information gave notice that defendants were charged with conspiracy to commit murder by means of a firearm and that they shot and killed one victim and shot and wounded the other victim.

---

[22]The information charged defendants with conspiracy as follows:

"That on the 16th day of October, 1995, at and in the County of Sacramento, State of California, the defendants, KENNETH JEROME BOLDS, JR., MATTHEW LOREN COOK, DARRI[O]N TROY GAINS and ANTHONY SOLOMAN LOZO . . . did willfully and unlawfully conspire together and with another person and persons whose identity is unknown to commit the crime of murder in violation of Section 187 of the Penal Code, a felony; that pursuant to and for the purpose of carrying out the objects and purposes of the aforesaid conspiracy, the said defendants committed the following overt act and acts at and in the County of Sacramento.

"Overt Act No. 1: That in pursuance of said conspiracy, on the 16th day of October, 1995, defendants, MATTHEW LOREN COOK and ANTHONY SOLOMAN LOZO *acquired a gun* with the assistance of an acquaintance of theirs named JOSE GOMEZ.

"Overt Act No. 2: That in pursuance of said conspiracy, defendants, MATTHEW LOREN COOK and ANTHONY SOLOMAN LOZO wanted that gun in order to seek revenge against the victims . . . whom the defendants Cook and Lozo believed had robbed them and defendant DARRI[O]N TROY GAINS a few days prior to October 16, 1995.

"Overt Act No. 3: That in pursuance of said conspiracy, on the 16th day of October, 1995, defendants, MATTHEW LOREN COOK and ANTHONY SOLOMAN LOZO met defendant DARRI[O]N TROY GAINS and, along with JOSE GOMEZ, went to a clothing store located at 8th and K Streets in downtown Sacramento and bought some watch caps.

"Overt Act No. 4: That in pursuance of said conspiracy, defendants, MATTHEW LOREN COOK, DARRI[O]N TROY GAINS and ANTHONY SOLOMAN LOZO cut eyeholes in the watch caps.

"Overt Act No. 5: That in pursuance of said conspiracy, on the 16th day of October, 1995, defendants, MATTHEW LOREN COOK, DARRI[O]N TROY GAINS and ANTHONY SOLOMAN LOZO met defendant KENNETH JEROME BOLDS, JR. at the Burger King located at 7th and L Streets in downtown Sacramento and they all discussed killing JIMMIE FONSECA and CARL KATO.

"Overt Act No. 6: That in pursuance of said conspiracy, later in the evening of October 16, 1995, all of the defendants went to 2810 T Street and entered the apartment occupied by victims CARL KATO, SARAH BEASLEY and her boyfriend JIMMIE FONSECA.

"Overt Act. No. 7: That in pursuance of said conspiracy, defendant, ANTHONY SOLOMAN LOZO, shot and killed victim JIMMIE FONSECA and then shot and wounded victim CARL KATO."

■ The elements of assault with a firearm, under section 245, subdivision (a)(2) include (1) an assault, which requires the intent to commit a battery, and (2) the foreseeable consequence of which is the infliction of great bodily injury upon the subject of the assault. (See *People v. Smith* (1997) 57 Cal.App.4th 1470, 1484 [67 Cal.Rptr.2d 604].) Murder is the killing of a human being with the intent unlawfully to kill. (§§ 187, 188; *People v. Bobo* (1990) 229 Cal.App.3d 1417, 1433 [3 Cal.Rptr.2d 747].) Consequently, when murder is alleged to have been committed by means of a firearm, it cannot be so committed without also committing an assault with a firearm.

■ We therefore find the facts alleged in count 1 of the information, based upon Overt Acts Nos. 1 and 7, and the facts alleged in Overt Act No. 2, necessarily include and gave notice of, the elements of assault with a firearm, and the trial court properly instructed the jury in that regard.

However, relying on *Fenenbock, supra,* 46 Cal.App.4th 1688, defendants argue that the overt acts alleged in the accusatory pleading may not be considered in determining the lesser included target offense to a charge of conspiracy to commit murder. In *Fenenbock,* three defendants were convicted of murder and conspiracy to murder. With respect to the conspiracy charge, the jury was instructed on conspiracy to commit first degree murder.

The defendants argue that the trial court erred by refusing to give instructions on conspiracy to commit offenses other than murder, such as assault, battery, or mayhem. (*Fenenbock, supra,* 46 Cal.App.4th at p. 1707.) While conceding that these lesser offenses did not qualify as offenses included within the statutory definition of murder, they argue that these offenses qualified as lesser included target offenses by virtue of the facts alleged in the accusatory pleading describing the overt acts. The court in *Fenenbock* rejected this argument reasoning that, "[b]ecause overt acts need not be criminal offenses or even acts committed by the defendant, the description of the overt acts in the accusatory pleading does not provide notice of lesser offenses necessarily committed by the defendant. Moreover, inasmuch as overt acts may be lawful acts, the overt acts do not necessarily reveal the criminal objective of the conspiracy." (46 Cal.App.4th at p. 1709, fn. omitted.)

We do not find this reasoning persuasive. First, an accusatory pleading does not fail to give notice merely because an overt act, or any other charged act, is not personally committed by a defendant. Defendants who do not directly commit an offense have long been treated as principals equally liable under the law for the criminal acts committed by their accomplices

(see §§ 31-32; *People v. Beeman* (1984) 35 Cal.3d 547, 554-555 [199 Cal.Rptr. 60, 674 P.2d 1318]; *People v. Jenkins* (2000) 22 Cal.4th 900, 1024 [95 Cal.Rptr.2d 377, 997 P.2d 1044]), and "case law has long held due process notice satisfied as to defendants prosecuted as aiders and abettors [citation], accessories after the fact [citation], or *conspirators* [citation]." (*People v. Lucas* (1997) 55 Cal.App.4th 721, 737 [64 Cal.Rptr.2d 282], italics added.) This is so because the accused receives adequate notice of the prosecution's theory from the evidence introduced at the preliminary hearing. (*People v. Jenkins, supra*, 22 Cal.4th at p. 1024.)

In a case where a defendant is charged with murder and conspiracy to commit murder, the charge of conspiracy serves to give a defendant actual notice that he is subject to accomplice liability for the murder. (*People v. Jenkins, supra*, 22 Cal.4th at p. 1024.) Additionally, principles of due process require that the overt acts be pleaded with particularity in order to give defendants notice of the nature and cause of the charge so that the defendant may defend against that charge. (*Feagles v. Superior Court, supra*, 11 Cal.App.3d at pp. 739-740; 4 Witkin & Epstein, Cal. Criminal Law, *supra*, Pretrial Proceedings, § 187, p. 394.) It cannot be said then that an accusatory pleading charging conspiracy, fails as a matter of law to give sufficient notice of the charged offense and any lesser included offense.

To the extent an accusatory pleading fails to allege overt acts sufficient to give notice of a lesser included offense, the trial court may not rely on the pleading as a basis to instruct on lesser included offenses not included in the allegations of that pleading. Nevertheless, the possibility that some pleadings charging conspiracy may fail to give sufficient notice of lesser included offenses is not cause to hold, as a matter of law, that no pleading charging conspiracy gives sufficient notice of lesser included offenses.

### C.

In the case before us, the overt acts alleged in the information specified which defendants committed which overt acts, thereby giving sufficient notice to allow defendants to prepare a defense to both the charged and lesser included target offenses.

However, Lozo and Gains claim the agreement to commit a particular felony is the crucial element in a charge of conspiracy, and the overt acts do not necessarily give notice of an agreement to commit a lesser included target offense. While this claim may be true in some cases, it is not true here. The information provided sufficient notice that defendants agreed to commit an offense that included the lesser included offense of assault with a firearm.

The first overt act alleged that "defendants, MATTHEW LOREN COOK and ANTHONY SOLOMAN LOZO acquired a gun . . . ." The whole thrust of the prosecution's case was that defendants agreed to go to the intended victim's residence to shoot him and defendants do not claim the preliminary hearing failed to give them notice of that fact. Furthermore, Overt Act No. 2 alleges that "defendants, MATTHEW LOREN COOK and ANTHONY SOLOMAN LOZO wanted that gun in order to seek revenge against the victims . . . ." While we hold in the unpublished portion of this opinion, that Overt Act No. 2 is invalid, defendants did not challenge that allegation by demurrer. Consequently, although it does not operate as an overt act, it does give notice of the fact pleaded.

Looking to the accusatory pleading as a whole, the information gave notice that defendants were charged with conspiracy to commit murder by means of a firearm and therefore also gave notice of the lesser included offense of conspiracy to commit assault with a firearm.

Accordingly, the jury was properly instructed on the lesser included offense of conspiracy to commit assault with a firearm.

VII.-X.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The judgments of sentence imposing prior prison term enhancements on Matthew Loren Cook and Darrion Troy Gains are vacated and the case is remanded to the trial court for further proceedings consistent with this opinion. In all other respects, the judgments are affirmed.

Raye, J., and Hull, J., concurred.

Petitions for a rehearing were denied September 20, 2001, and the non-published portion of the opinion was modified. Appellants' petition for review by the Suprme Court was denied November 28, 2001. Chin, J., did not participate therein.

---

*See footnote 2, *ante*, page 914.